[840 NYS2d 259]

In the Matter of ANONYMOUS, an Applicant for Admission to the Bar of the State of New York, Petitioner.

Fourth Department, March 16, 2007

**APPEARANCES OF COUNSEL**

*Gerard M. LaRusso*, Rochester, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Petitioner seeks an order pursuant to 22 NYCRR 1022.34 (m) granting his application for admission to practice notwithstand-

ing the adverse decision of the Committee on Character and Fitness for the Seventh Judicial District (Committee). The Committee filed a decision in February 2005 declining to certify petitioner for admission based upon a determination made after a hearing that petitioner lacked candor. The Committee found that petitioner had failed to disclose his complete criminal history in his application for admission, in interviews with Committee members and in an application for legal employment, and, that petitioner had made false statements concerning his credentials in an employment application. Additionally, the Committee noted that, because petitioner was not forthcoming with information requested by it, the Committee was required to obtain the information directly through releases obtained from petitioner. Finally, the Committee found that petitioner was untruthful and evasive when he testified at the hearing.

Petitioner submitted in support of his petition for admission notwithstanding the adverse decision that his omissions, incomplete and untruthful responses and evasiveness occurred during a period of time when he was in denial of his alcoholism, which according to petitioner was diagnosed in January 2001.

We reserved decision on the petition and remitted the matter for a hearing on the issues raised therein.

The Committee convened a subcommittee to conduct a hearing. The subcommittee filed a report declining to certify petitioner for admission on the ground that he had failed to establish a causal connection between his alcoholism and his "repeated and chronic pattern of dishonesty, misrepresentations and exaggeration of credentials." The Committee unanimously adopted the recommendation of the subcommittee.

We perceive no basis in this record to disturb the decision of the Committee declining to certify petitioner for admission. The Committee conducted a careful and thorough investigation of petitioner, and we agree with its conclusion that petitioner lacks candor and does not possess the requisite character and fitness to practice law (see Matter of Kantor, 283 AD2d 882 [2001]; Matter of Mendoza, 167 AD2d 658 [1990]). Accordingly, we conclude that the petition should be denied.

GORSKI, J.P., LUNN, FAHEY, GREEN and PINE, JJ., concur.

Order entered denying petition.