[931 NYS2d 819]

In the Matter of ANONYMOUS, an Applicant for Admission to the Bar of the State of New York, Petitioner.

Fourth Department, October 7, 2011

**APPEARANCES OF COUNSEL**

*Richard T. Sullivan*, Buffalo, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Petitioner seeks an order pursuant to 22 NYCRR 1022.34 (m)

granting his application for admission to practice notwithstanding the adverse decision of the Committee on Character and Fitness for the Eighth Judicial District (Committee).

In March 2009, petitioner filed an application for admission disclosing that, in 2007, he was convicted, upon his plea of guilty, of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [former (4)]), a class E felony (see Penal Law § 110.05 [6]). In addition, he disclosed that his law school had determined that he committed academic misconduct when he submitted a paper with insufficient attribution of sources. Pursuant to 22 NYCRR 1022.34 (b), this Court referred petitioner's application for admission to the Committee, which convened a subcommittee to investigate petitioner's fitness to practice law.

In March 2010, the subcommittee held a hearing, during which petitioner revealed for the first time that, in 2007, he was convicted, upon his plea of guilty, of criminal trespass in the third degree (Penal Law § 140.10), a class B misdemeanor. Petitioner testified that he did not disclose the misdemeanor conviction in his application for admission because the criminal defense attorney who had represented him on the felony and misdemeanor convictions had advised him not to include the misdemeanor conviction in his application and to disclose it orally when he was interviewed by the Committee. When he testified at the hearing before the subcommittee, petitioner's former criminal defense attorney denied that he had instructed petitioner to omit the misdemeanor conviction from his application for admission.

The subcommittee issued a report finding that petitioner had submitted a false application for admission by failing to disclose the misdemeanor conviction, and that he had been untruthful in his testimony before the subcommittee regarding the circumstances surrounding his failure to disclose that conviction. Based upon those findings, the subcommittee determined that petitioner had demonstrated a lack of trustworthiness such that he is unfit to practice law. The Committee thereafter filed a report wherein it unanimously adopted the findings of the subcommittee.

We perceive no basis in the record to disturb the decision of the Committee declining to certify petitioner for admission. The character and fitness concerns raised by the application include petitioner's academic misconduct in law school and his criminal

history. Of particular concern is that petitioner's criminal convictions arose from conduct that occurred after he graduated from law school and after he sat for the bar examination, and included a serious felony weapon conviction. In addition, petitioner filed an incomplete application for admission and gave untruthful testimony before the subcommittee regarding the circumstances surrounding his failure to disclose his misdemeanor conviction.

The Committee conducted a careful and thorough investigation of petitioner, and we agree with its conclusion that petitioner currently does not possess the requisite character and fitness to practice law (*see Matter of Anonymous*, 40 AD3d 141, *appeal dismissed* 10 NY3d 803 [2007]; *Matter of Mendoza*, 167 AD2d 658 [1990]). Accordingly, we conclude that the petition should be denied.

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order entered denying petition.