In the Matter of NATHAN ROSENBERG, an Attorney, Respondent.

First Department, January 10, 1930.

*Isidor J. Kresel*, for the petitioners.

*Clark & Baldwin*, for the respondent.

DOWLING, P. J. The respondent was admitted to the bar in 1926 in the New York Supreme Court, Appellate Division, First Department.

The petition charges that the respondent filed a false affidavit of clerkship upon his application for admission to the bar. Respond-

ent filed an answer to the petition, and the matter was then referred by this court to a referee to take testimony in regard to the charges and to report the same with his opinion to the court. The referee has reported that the affidavit was not false, and recommended the dismissal of that charge. The petitioners do not oppose such dismissal.

During the course of the hearing before the referee evidence was admitted, upon the consent of both sides, bearing upon a situation which cannot be permitted to pass unnoticed.

It appears that in 1916, after his graduation from high school, respondent entered the employment of the dry goods commission house of Taylor, Clapp & Beall, at 109 Worth street, in the borough of Manhattan, New York city, and his employment or connection with that firm was never completely terminated until some time early in 1928. While he was so employed he took the evening law school course in the New York University Law School, from which he graduated in 1924, and passed the bar examination in March, 1925. Following receipt of advice that he had passed his bar examination and in May, 1925, he tendered his resignation as an employee of Taylor, Clapp & Beall, but he was induced to remain with the firm at increased remuneration.

In June, 1925, still continuing in the employ of Taylor, Clapp & Beall, respondent commenced to serve his clerkship in the law office of Harold H. Feigin at No. 261 Broadway, borough of Manhattan, New York city, which is within a few minutes walk of 109 Worth street, the address of Taylor, Clapp & Beall. The referee has found that he fully discharged his obligations in connection with his clerkship in the office of Harold H. Feigin, and to that finding the petitioners make no objection.

While serving this clerkship, respondent discharged the obligation of his employment with Taylor, Clapp & Beall in his free time, that is, during part of his lunch hour, after five, and to some extent before nine, and on Saturday afternoons. Neither during the period of his clerkship, from June, 1925, to September, 1926, nor for months thereafter, was it known to Taylor, Clapp & Beall that respondent, during the period in question, had been invariably absent from their establishment from nine to five, save for some portion of the lunch period. Whether respondent's method of discharging his obligation to his employers would have met with their approval, had they had full knowledge thereof, is not established. If it were simply a question of good faith and fair dealing between an employer and employee, this court could not voluntarily concern itself therewith. But this court is concerned because of

respondent's method of dealing with the situation in connection with papers filed by him as part of his application for admission to the bar.

The questionnaire or sworn statement filed by respondent with the committee on character and fitness of this department, at the time of his application for admission to the bar, states that the period of his employment with Taylor, Clapp & Beall was from " November, 1916, to June 18, 1925 " (the date of the commencement of the period of clerkship). In addition, respondent filed an affidavit by Henry C. Taylor, a member of the firm of Taylor, Clapp & Beall, *verified June 30, 1926*, which contains the statement that respondent was in the firm's employ " *until June, 1925.*"

Respondent explains the Taylor affidavit as follows: In May, 1925, soon after he learned he had successfully passed the bar examination, he was informed that it would be necessary for him to obtain affidavits from firms by whom he had been employed. Among others, he prepared an affidavit for Mr. Taylor. After he had prepared these affidavits he received a card from this court, informing him as to the procedure required by the rules of the court applicable to candidates for admission to the bar. Following the receipt of this card he called and saw the assistant clerk of the court in charge of matters of this kind and was informed that the affidavit of Mr. Taylor would not be required at that time. He then put the affidavit in his personal file and held it until after his clerkship had been completed. As soon as his clerkship was completed he procured the verification of the Taylor affidavit, under date of June 30, 1926. It is suggested, in explanation, that failure to revise this year-old draft was due to oversight.

The questionnaire filed by respondent, verified the 14th day of September, 1926, contains the following questions: " Have you ever been employed in any occupation, business or profession other than the law? If so, when and where? State fully the names and addresses of all your employers, the positions you have occupied and the period of such employment, specifying dates. Are such employers willing to appear before the committee on your behalf? Have you ever been engaged in any business or profession on your own account? If so, state in detail the nature thereof, the time during which you were so engaged, where the business was located and what became of it." Respondent answered those questions as follows: " Thomas Martin, canvas manufacturer, 306 Canal Street, N. Y. C.; February, 1916, to November, 1916. Assistant office manager. Taylor, Clapp & Beall, cotton merchants, 109 Worth Street, N. Y. C., *November, 1916, to June 18th, 1925.* Assistant export manager and export manager. My employers are willing

to appear before the committee in my behalf. I have never engaged in any business or profession on my own account." Asked on the hearing before the referee whether he considered that answer a true answer, he replied: " I might have been more frank and stated that I had this special arrangement with Taylor, Clapp & Beall subsequent to the time I entered Mr. Feigin's employ." He was further asked why he had put down the date June 18, 1925, as the date when his employment ended, and he replied: " That may have been inadvertent."

The referee in his report expresses his opinion on this subject in the following language: " I am unable to accept inadvertence in explanation of this answer in the questionnaire. * * * A more reasonable explanation lies in the fact that if respondent's papers had shown a law clerkship and a commercial employment covering the same period, that apparent inconsistency would have called for explanation unless the papers themselves reconciled the two employments."

This court agrees with the referee and does not believe the answer in the questionnaire due to inadvertence, or that the failure to redraft the Taylor affidavit was due to oversight. This careful dovetailing of dates could have no other purpose than to prevent an investigation of his situation on the part of the committee on character and fitness.

The Canons of Professional Ethics, canon 22, provides:

" 22. Candor and Fairness. The conduct of the lawyer before the Court and with other lawyers should be characterized by candor and fairness.

\* \* \* \* \* \* \*

" It is unprofessional and dishonorable to deal other than candidly with the facts in taking the statements of witnesses, in drawing affidavits and other documents, and in the presentation of causes."

On the very threshold of his professional career the respondent failed to deal with this court, through its committee on character and fitness, with that candor, fairness and honesty which should distinguish the conduct of any one worthy of being a member of the bar. For his failure to do so, he should be suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order to be entered hereon.

FINCH, MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent suspended for one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions to be incorporated in the order. Settle order on notice.