## SECOND DEPARTMENT, DECEMBER, 1965

### (December 6, 1965)

■ In the Matter of IRENE P. WEISS.— Motion by applicant, filed September 3, 1965, to (a) vacate the entire proceedings on the ground that the hearing and proceedings of the Character Committee violated due process of law; and (b) disaffirm the report of the committee, filed June 23, 1965. On January 8, 1958 the State Board of Law Examiners certified that the applicant had passed the Bar examination. Thereafter, she executed the Character Committee questionnaire on January 31, 1958; filed it on February 13, 1958; and then reswore to it on February 25, February 28 and March 11, 1958. On March 17, 1961 the Character Committee denied certification to the applicant on the ground that she lacked the requisite character and fitness. On June 5, 1961 this court denied her application for admission because she had failed to satisfy the court that she possessed the character and general fitness requisite for an attorney and counselor at law; and on May 20, 1963 this court denied her application for reconsideration. On October 3, 1963 her motion for leave to appeal to the Court of Appeals from the order of this court made May 20, 1963 denying reconsideration was dismissed on the ground that the order was not final; such dismissal, however, was without prejudice to a new application for admission (13 N Y 2d 897). Thereafter, on June 19, 1964, the applicant moved in this court for a hearing and determination *de novo* of her original application for admission to the Bar or, in the alternative, to vacate this court's order of June 5, 1961 denying such original application. Before making any determination thereon, this court on its own motion remitted the original application for admission to the Character Committee to make a report which shall contain appropriate findings, based upon the entire record, reciting the specific reasons for the committee's conclusion that petitioner lacked the requisite character and fitness. On June 23, 1965 the committee filed its report. Applicant was thereafter granted permission to review the entire file, except the confidential reports. In its report of June 23, 1965, the committee made the following findings: (1) The questionnaire (which is the essential part of the application for admission) asked applicant to state whether she had been called as a witness in any proceeding to which she was not a party or whether she had been involved in any proceeding (other than as a party); it also specifically apprised the applicant that the application was a continuing one and that any subsequent change as to any matter with respect to which information was sought must be reported to the committee. On March 5, 1958 a third-party subpœna in supplementary proceedings was allegedly served on the applicant in connection with a judgment obtained by a creditor against applicant's father. Whether applicant was personally served (as the creditor's attorney then claimed) or whether her mother was served with the subpœna (as the applicant claimed) was immaterial because applicant was then living with her parents and was aware on March 5, 1958 that she was sought as a third party in supplementary proceedings. Yet applicant failed to report

this fact to the committee when she reswore to the questionnaire on March 11, 1958. (2) Although applicant filed an affidavit with the committee on April 29, 1958 advising it of her marriage on April 20, 1958, she failed to advise the committee that on March 26, 1958 she had been examined as a third party in one supplementary proceeding, and that on April 23, 1958 she had been similarly examined in another supplementary proceeding. She first advised the committee of these facts at an interview with a member of the committee on May 3, 1958. (3) Applicant's testimony in the two supplementary proceedings and before the subcommittee of the Character Committee indicated a lack of candor and frankness unbecoming an applicant for admission to the Bar. (4) Applicant failed to state that she had been engaged in the insurance business, although she did state that on February 19, 1959 she had received a license to be a general insurance broker. (5) Applicant failed to reveal a negligence action brought by her father in her behalf. (6) Applicant's testimony in the supplementary proceeding on March 26, 1958 and her testimony before the subcommittee in 1960 regarding mortgages on property in her name indicated an unbelievable lack of knowledge of facts which should have been well within her memory. (7) Applicant omitted to reveal her membership in several organizations in the various schools which she had attended, as required by the questionnaire. (8) Applicant's testimony as to the preparation and execution of two character affidavits was evasive and lacking in candor; on the questionnaire she had stated without qualification that she did not aid in their preparation. Re-examination of the entire record requires the conclusion that the findings are fully supported by the evidence and that the report of the committee should be confirmed. While singly and separately the several facts which were omitted or misstated by the applicant might perhaps be deemed innocuous, nevertheless, when cumulatively considered in the light of the whole record, such omitted or misstated facts established a pattern of intentional suppression and nondisclosure as to pertinent matters with respect to which information was expressly sought by the committee. Such suppression and nondisclosure clearly warranted the finding that the applicant lacked the requisite character and fitness to be a member of the Bar. Applicant's argument that the hearing and procedures of the committee denied her due process of law is without merit. The committee found that applicant knew the nature of the objections of the committee and that she was given a fair hearing. We agree with the findings of the committee. It is to be noted that throughout all these proceedings the applicant has been represented by her husband, an attorney and counselor at law. Accordingly, the applicant's first motion of June 19, 1964 for a hearing and determination *de novo* of her original application for admission to the Bar or, in the alternative, to vacate this court's order of June 5, 1961 denying such application, is denied; and the applicant's second motion of September 3, 1965 is likewise denied. On the court's own motion, the said report and the findings therein are confirmed and are made part of the record upon the applicant's original application for admission to the Bar. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.