(November 14, 1990)

■ In the Matter of the Application of RAFAEL T. MENDOZA for Admission to the Bar.—Per Curiam. Applicant seeks an order granting his application for admission to the New York State Bar without examination notwithstanding the decision of the Committee on Character and Fitness for the Third Judicial District disapproving his application *(see,* CPLR 9404; 22 NYCRR 805.1 [m]).

Applicant is a member of the Philippines Bar in good standing and was formerly a Judge in that country. He currently resides in California.

The Committee on Character and Fitness disapproved the application for admission because of a number of complaints filed against applicant in the Philippines regarding his judicial conduct in that country and because of his failure to voluntarily and forthrightly reveal such complaints to the Committee during the application process. Indeed, applicant responded "no" to several questions on the application forms which would call for the revelation of such information. The Committee became aware of the complaints by virtue of a letter submitted by a Philippines attorney to the National Conference of Bar Examiners (NCBE) in response to a routine background inquiry the NCBE made regarding applicant. The NCBE character report is a required part of an application for admission without examination (22 NYCRR 520.9 [b] [4]).

Candor and the voluntary revelation of negative information by an applicant are the cornerstones upon which is built the character and fitness investigation of an applicant for admission to the New York State Bar *(see, e.g.,* Judiciary Law § 90 [2]; *Matter of Anonymous,* 17 NY2d 674, 675; *Matter of Cohn,* 118 AD2d 15, 47, *lv denied* 68 NY2d 712; *Matter of Greenblatt,* 253 App Div 391; *see generally,* ABA/BNA Lawyer's Manual on Professional Conduct, Qualifications/Admissions, Duty of Candor, 21:301-21:309). We conclude that the Committee's careful and thorough investigation of this application for admission has revealed a lack of candor by applicant upon which the Committee could properly find that he does not possess "the character and general fitness requisite for an attorney and counsellor-at-law" (Judiciary Law § 90 [1] [b]; *see, Matter of Weiss,* 24 AD2d 981, *revd on other grounds* 20 NY2d 696).

We therefore deny applicant's petition for an order granting his application for admission to practice in New York State notwithstanding the decision of the Committee on Character and Fitness for the Third Judicial District disapproving the application.

Application denied and petition dismissed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.