■ In the Matter of the Application of MATTHEW E. KANTOR for Admission to the Bar. [725 NYS2d 901] —Per Curiam. Applicant has been certified for admission to this Court by the New York State Board of Law Examiners (see, 22 NYCRR 520.7 [a]). The Committee on Character and Fitness for the Third Judicial District disapproved his application for admission by decision transmitted to applicant on February 9, 2000 (see, 22 NYCRR 805.1 [l]) following a hearing at which applicant testified. Prior thereto, applicant was denied admission to the Ohio Bar.

Applicant seeks an order extending his time to apply to this Court for review of the Committee's decision and for approval of his admission application notwithstanding its decision (see, CPLR 9404; 22 NYCRR 805.1 [m]) or to renew his admission application pursuant to CPLR 9405.

Initially, we deny applicant's motion to renew his admission application and grant his alternative request, extending his time to apply for review of the Committee's decision. Upon review of that decision, we deny the application and dismiss the petition.

We note that in 1997 the Supreme Court of Ohio disapproved

applicant's request to sit for the Ohio Bar examination\* based upon character and fitness grounds. Upon applicant's reapplication in 1997, he received a further negative recommendation by the Columbus Bar Association Admissions' Committee. Applicant has not been admitted to the practice of law in Ohio. In November 1998, applicant failed to reveal his Ohio problems during an employment interview with a New York law firm. His delayed disclosure until the second day of his employment resulted in his termination a few days later for lack of candor.

We conclude that the Committee's decision was fully supported by the evidence before it and was based on valid grounds (*see, Matter of Mendoza*, 167 AD2d 658; ABA Code of Recommended Standards for Bar Examiners, standard 13). We are not satisfied that applicant currently possesses the character and general fitness requisite for admission as an attorney and counselor-at-law in the courts of this State (*see,* Judiciary Law § 90 [1] [a]). Accordingly, we dismiss applicant's petition for an order granting his application for admission to practice in New York.

Cardona, P. J., Mercure, Spain, Mugglin and Rose, JJ., concur. Ordered that applicant's motion is granted to the extent of extending his time to review the Committee's adverse decision and is otherwise denied; and it is further ordered that applicant's petition for an order granting his application for admission to practice law in New York is dismissed; and it is further ordered that applicant's application for admission to the New York Bar is denied.

(May 31, 2001)

---

\* In Ohio, applicants must have their character and fitness certified before they can take the Bar exam.