Per Curiam.
Respondent was admitted to practice by this Court in March 1997. He lives and works in England.
Having granted petitioner’s motion for an order declaring that the petition of charges and respondent’s answer raised no factual issues and having considered respondent’s papers in mitigation, we now find respondent guilty of serious professional misconduct as charged.
Respondent engaged in illegal conduct in violation of the attorney discipline rules by making misrepresentations to British government agencies to obtain unemployment and housing benefits (see Code of Professional Responsibility DR 1-102 [a] [3]-[5], [7] [22 NYCRR 1200.3 (a) (3)-(5), (7)]). He was convicted in 1997 of nine offenses relating to the conduct and sentenced to one-year concurrent terms of incarceration. Respondent made a materially false statement or deliberately failed to disclose information on his pending application for admission as an attorney in New York by failing to disclose, as required, the criminal charges described above which were then pending against him (see DR 1-101 [a] [22 NYCRR 1200.2 (a)]).
We reiterate that candor and the voluntary revelation of negative information by an applicant for admission are the cornerstones upon which is built the character and fitness investigation (see Matter of Mendoza, 167 AD2d 658 [1990]).
Respondent has also failed to comply with the attorney registration requirements for at least two biennial registration periods (see Judiciary Law § 468-a; 22 NYCRR part 118; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).
Under the circumstances presented, we conclude that respondent should be disbarred.
Mercure, J.P, Crew III, Peters, Rose and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further *792 ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rule regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).