**In re Joel D. KENWOOD, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 387073).**

**No. 06–BG–1302.**

District of Columbia Court of Appeals.

Decided Nov. 1, 2007.

Before KRAMER and FISHER Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Joel D. Kenwood, a member of the Bar of this court,[1] the Board on Professional Responsibility ("Board") has recommended that reciprocal and identical discipline be imposed in the form of an order of admonishment. No exceptions to

---

1. Respondent was admitted to the Bar of this court by motion on March 15, 1985, and is on inactive status.

the Board's Report and Recommendation have been filed.

On February 19, 2007, the Supreme Court of Florida entered an unpublished order of admonishment that approved an uncontested referee's report and entered judgment for the recovery of costs in the amount of $1,395. *Florida Bar v. Kenwood,* No. SC03–1204. The referee's report approved the conditional guilty plea for a consent judgment, wherein respondent consented to the admonishment following completion of the Florida Bar Ethics School and admitted to violations of the Florida Bar Rules, including violations of the Florida Rules of Professional Conduct involving confidentiality of information, conflict of interest, and protection of client's interest upon termination of representation. On November 1, 2006, Bar Counsel filed a certified copy of the order from the Supreme Court of Florida. On November 27, 2006, this court issued an order directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days; 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed; and 3) the Board either to recommend reciprocal discipline or proceed *de novo.* Thereafter, Bar Counsel filed a statement recommending the reciprocal discipline of a reprimand by the Board. Respondent opposed Bar Counsel's recommendation but did not oppose the imposition of identical discipline, which he contended was an informal admonition.

In its report and recommendation, the Board notes that in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline ...' " *In*

*re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis,* 888 A.2d 1158 (D.C.2005). Here, the Board reports there was no miscarriage of justice in the Florida matter because respondent participated in the Florida proceeding, and through counsel, entered into the conditional guilty plea.

■ A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). The Board notes that the reciprocal and identical discipline of an unpublished order of admonishment is outside the choice of sanctions provided by D.C. Bar R. XI, § 3, and an unpublished informal admonition can only be issued by Bar Counsel. Nevertheless, it recommends identical discipline since there is no equivalent discipline in this jurisdiction to an order of admonishment, and in certain reciprocal matters, it is appropriate to "apply the foreign discipline in haec verba." *In re Zdravkovich,* 831 A.2d 964, 970 (D.C. 2003); *In re Coury,* 526 A.2d 25, 25–26 (D.C.1987). This court has previously determined that a published admonition is the functional, equivalent sanction and issued a published order of admonishment in a reciprocal matter that also involved the Supreme Court of Florida's issuance of an order of admonishment against a respondent. *See In re Fuller,* 930 A.2d 194 (D.C.2007).

Because no exceptions have been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f)(1); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). Since we find support in the record for the Board's findings, we

accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Joel D. Kenwood is hereby admonished.

*So ordered.*