■ In the Matter of Ann McAllister Olivarius, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [941 NYS2d 763]—

Per Curiam. Respondent was admitted to practice by this Court on June 24, 2008. She maintains an office for the practice of law in London, England.

Petitioner charged respondent with having made materially false statements and having failed to disclose material facts requested in connection with her application for admission to the New York State bar, in violation of former Code of Professional Responsibility DR 1-101 (a) and DR 1-102 (a) (4), (5) and (7) (22 NYCRR former 1200.2 [a]; 1200.3 [a] [4], [5], [7]).*

After a hearing, petitioner moved to confirm the Referee's report and respondent moved to confirm the report in part and to disaffirm the report in part.

We confirm the Referee's report with respect to all nine specifications of the single charge. Respondent submitted an employment affidavit with respect to a judicial clerkship that was completed by her husband, a clerk in another judge's chambers at the same court. An employment affidavit by an affiant who is married to the applicant may not be submitted unless otherwise not feasible, according to the form's instructions. The Referee found that respondent failed to show that it was not feasible to obtain the affidavit from her employer. Since an employment affidavit from the employer might have raised potential character and fitness issues, the Referee concluded that the submission was an effort to suppress information. The Referee found that respondent's explanations of her terminations from two subsequent employments, a New York City investment firm and as head of a foundation in Washington, D.C., were misleading. The Referee also concluded that, in an effort to conceal from this Court the reason for her termination by the foundation, respondent submitted the required employment affidavit from an attorney who was not an employee of the foundation, but was outside special counsel. Finally, although respondent has been

---

* All relevant conduct occurred prior to April 1, 2009, the effective date of the current Rules of Professional Conduct (see Rules of Professional Conduct [22 NYCRR 1200.0]).

involved in extensive prior litigation, respondent falsely answered "no" in reply to three questions on her application that required her to disclose all or some of the litigation.

We further conclude that respondent, on the basis of the Referee's findings, violated former Code of Professional Responsibility DR 1-101 (a) and DR 1-102 (a) (5) and (7) (22 NYCRR former 1200.2 [a]; 1200.3 [a] [5], [7]). With respect to her suppression of information about the reasons for her termination from the foundation, we find that respondent also violated former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR former 1200.3 [a] [4]).

We take this opportunity to once again reiterate that candor and the voluntary revelation of negative information by an applicant are the cornerstones upon which is built the character and fitness investigation of an applicant for admission to the New York State bar (*see Matter of Mendoza*, 167 AD2d 658, 659 [1990]; *see also Matter of Wood*, 1 AD3d 791 [2003]; *Matter of Steinberg*, 137 AD2d 110, 115 [1988], *lv denied* 72 NY2d 807 [1988]; *Matter of Rosenberg*, 227 App Div 527, 531 [1930]).

Respondent clearly fell woefully short of submitting an application for admission that properly and with candor supplied all requested information. The application submitted by respondent had the effect of deflecting appropriate inquiry by this Court's Committee on Character and Fitness rather than apprising it of relevant potential character and fitness concerns. In mitigation, we acknowledge the Referee's conclusion that respondent's failure was more due to carelessness than an intent to deceive and defraud this Court and its Committee on Character and Fitness, and we acknowledge the positive character testimony on respondent's behalf.

Under the particular circumstances presented, we conclude that respondent's application for admission should be revoked (*see* Judiciary Law § 90 [2]; *Matter of Uchenna*, 69 AD3d 1220 [2010]; *Matter of Spinner*, 19 AD3d 803 [2005], *lv denied* 5 NY3d 708 [2005]), but without prejudice to respondent's renewal of her application for admission based upon the record in this proceeding and any additional information requested by the Committee on Character and Fitness. Any such renewed application for admission shall be investigated and a recommendation thereon shall be made by the Committee on Character and Fitness in accordance with this Court's rules (*see* 22 NYCRR 805.1).

Lahtinen, J.P., Malone Jr., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the motions to confirm and disaffirm the Referee's report are granted and denied in accordance with

the findings set forth in this decision; and it is further ordered that respondent is found guilty of professional misconduct set forth in specifications 2, 3, 5, 6, 7, 8 and 9 as found by the Referee and this decision; and it is further ordered that respondent's admission to the bar of the State of New York is hereby revoked, pursuant to Judiciary Law § 90 (2), and, effective immediately, her name is stricken from the roll of attorneys and counselors-at-law of the State of New York; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended or disbarred attorneys (*see* 22 NYCRR 806.9).

(April 12, 2012)