*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 12-BG-1494

IN RE ANN M. OLIVARIUS, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 429231)
(BDN-146-12)

(Argued March 4, 2014                                    Decided May 15, 2014)

*Arthur D. Burger* for respondent.

*William R. Ross*, Assistant Bar Counsel, with whom *Wallace E. Shipp, Jr.*, Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before WASHINGTON, *Chief Judge*, FISHER, *Associate Judge*, and FERREN, *Senior Judge*.

FISHER, *Associate Judge*: Respondent Ann M. Olivarius practices from her office in London, England, where she is a licensed solicitor. She has also been admitted to the bars of Minnesota, New Hampshire, New York, Virginia, and the District of Columbia. Following the revocation of respondent's admission to the bar of New York, the District of Columbia Office of Bar Counsel recommended that we impose reciprocal discipline in the form of an indefinite suspension with a fitness requirement. We conclude that reciprocal discipline is authorized by our

rules, and that a roughly equivalent sanction is an eighteen month suspension with reinstatement conditioned upon respondent's completion of our mandatory course for new admittees.

## I.    Factual Background

On April 5, 2012, the Supreme Court of the State of New York, Appellate Division, Third Judicial Department, found respondent guilty of professional misconduct; revoked her admission to the bar; and ordered that, "effective immediately, her name is stricken from the roll of attorneys and . . . respondent is commanded to desist and refrain from the practice of law in any form[.]" *In re Olivarius*, 941 N.Y.S.2d 763, 765 (N.Y. App. Div. 2012). The court also ordered that respondent "comply with the provisions . . . regulating the conduct of suspended or disbarred attorneys." *Id.* (citation omitted).

On October 31, 2012, after receiving a certified copy of this disciplinary order, we suspended respondent from the practice of law in the District of Columbia "pending final disposition of this proceeding."[1] *See* D.C. Bar R. XI,

---

[1] On November 15, 2012, respondent filed an affidavit that Bar Counsel agrees complies with D.C. Bar R. XI, § 14 (g).

§ 11 (d). Notice of this interim suspension was published in the official journal of the District of Columbia Bar. *Interim Suspensions Issued by the District of Columbia Court of Appeals*, Washington Lawyer, Jan. 2013, at 9 ("Olivarius was suspended on an interim basis based upon the revocation of her previously granted admission to the practice of law in New York.").

The disciplinary action in New York stemmed from allegations that respondent had "made materially false statements and . . . failed to disclose material facts requested in connection with her application for admission to the New York State bar." *Olivarius*, 941 N.Y.S.2d at 764. The court found that respondent had violated four rules of the New York Code of Professional Responsibility (in effect at the time of her conduct), *id.*, which correspond to rules 8.1 (a), 8.4 (c), 8.4 (d), and 8.4 (f) of the District of Columbia Rules of Professional Conduct. Because respondent's misconduct pertained to her 2008 bar application, the New York court revoked her admission, "but without prejudice to respondent's renewal of her application for admission[.]" [2] *Olivarius*, 941 N.Y.S.2d at 765. Respondent promptly reapplied to the bar of the State of New

---

[2] "In mitigation," the court "acknowledge[d] the Referee's conclusion that respondent's failure was more due to carelessness than an intent to deceive and defraud this Court and its Committee on Character and Fitness[.]" *Olivarius*, 941 N.Y.S.2d at 765. The court also acknowledged "the positive character testimony on respondent's behalf." *Id.*

York and was readmitted on May 9, 2013. *In re Olivarius*, 965 N.Y.S.2d 896 (N.Y. App. Div. 2013).

## II.    Reciprocal Discipline

In the District of Columbia, "[r]eciprocal discipline may be imposed whenever an attorney has been disbarred, suspended, or placed on probation by another disciplining court." D.C. Bar R. XI, § 11 (c). However, "[f]or sanctions by another disciplining court that do not include suspension or probation, the Court [simply] order[s] publication of the fact of that discipline by appropriate means in this jurisdiction." *Id*.

Respondent argues that she was not "disbarred, suspended, or placed on probation" in New York and therefore the only sanction available under Rule XI, § 11 (c) is publication, which has already occurred. Bar Counsel counters that the New York court's action striking Ms. Olivarius from its roll of attorneys amounted to an indefinite suspension.

Of course, the New York court did not say that it was disbarring or suspending Ms. Olivarius or placing her on probation. New York courts are

permitted to "censure, suspend from practice or remove" attorneys admitted to practice and are "authorized to *revoke* such admission for any misrepresentation or suppression of any information in connection with the application for admission to practice." N.Y. Judiciary Law § 90 (2) (McKinney 2014) (emphasis added). Revocation is a sanction commonly employed in New York when a respondent's misconduct relates to her bar application, but it does not preclude a court from selecting another form of discipline. *In re Grossman*, 853 N.Y.S.2d 333 (N.Y. App. Div. 2008). For example, one respondent was disbarred for misconduct related to his bar application because the court "decline[d] to revoke his admission and place him in the position that he was in at the time of his original application for admission." *In re Osredkar*, 805 N.Y.S.2d 760, 762 (N.Y. App. Div. 2005). In another New York case, a respondent's request for a censure or a short suspension was denied because the court held that "[t]he sanction for making materially false statements on an application for admission to the bar is revocation of an attorney's admission." *In re Canino*, 781 N.Y.S.2d 686, 688 (N.Y. App. Div. 2004). Appellant suggests that cases such as these demonstrate that the New York court made a conscious decision *not* to suspend or disbar her.

Notwithstanding New York's practice of revoking admission in these circumstances (without characterizing its sanction as a suspension or disbarment),

the proper inquiry for us is whether the New York sanction is the functional equivalent of suspension for purposes of applying our Rule XI, § 11 (c), which establishes standards for reciprocal discipline. There is no escaping the conclusion that, as a functional matter, respondent was suspended in New York. Prior to the revocation, respondent could practice law in New York. Afterwards, she was forbidden to do so. We have previously held that similar sanctions are analogous to indefinite suspension, and we find no reason to depart from that precedent here. *See In re Demos*, 875 A.2d 636, 642 (D.C. 2005) ("[b]eing stricken from the rolls of attorneys in the Arizona federal court is the functional equivalent of an indefinite suspension"); *In re Brickle*, 521 A.2d 271, 273 (D.C. 1987) ("Revoking respondent's license to practice law is analogous to suspending respondent for an indefinite period and requiring him to demonstrate fitness before being reinstated.").[3] Because New York in essence suspended respondent, her case is appropriate for reciprocal discipline under D.C. Bar R. XI, § 11 (c).

---

[3] In both *Demos* and *Brickle*, after determining that the respondents' revocations were analogous to suspensions, we analyzed whether their misconduct warranted substantially different discipline from that imposed by the originating jurisdiction. *See* D.C. Bar R. XI, § 11 (c)(4) (allowing for a departure from identical reciprocal discipline on a showing by "clear and convincing" evidence). The *Brickle* court held that the alleged misconduct "would almost certainly result in disbarment" under District of Columbia law and remanded the case for further findings. 521 A.2d at 273. Similarly, in *Demos*, this court held that respondent's conduct could not have resulted in an indefinite suspension in the District of Columbia and imposed the greater sanction of disbarment. 875 A.2d at 643.

### III.    Functionally Equivalent Discipline

When a member of our bar is subject to reciprocal discipline, there is a presumption that this court "shall impose identical discipline[.]" D.C. Bar R. XI, § 11 (e); *In re Zdravkovich*, 831 A.2d 964, 968 (D.C. 2003). This may become difficult because other jurisdictions sometimes employ sanctions which are not used here. We might, perhaps, fashion a remedy not expressly authorized by our rules and revoke respondent's admission to the bar of this court. *See In re Kenwood*, 934 A.2d 928, 929 (D.C. 2007) ("in certain reciprocal matters, it is appropriate to 'apply the foreign discipline in haec verba'" (quoting *In re Zdravkovich*, 831 A.2d at 970)). More often, this court has "deemed it compatible with [Rule XI, § 11] to impose essentially the same discipline under a different label where it would be useful to do so. In a number of cases . . . this court has imposed . . . the 'functionally equivalent' reciprocal discipline[.]" *In re Laibstain*, 841 A.2d 1259, 1262 (D.C. 2004).

Because her suspension in the District of Columbia has already lasted longer than the thirteen months her admission was revoked in New York, respondent

argues that she has been sanctioned sufficiently.[4] Bar Counsel contends that the appropriate reciprocal sanction is an indefinite suspension with the requirement that she demonstrate her fitness to practice law before she may be reinstated. Although we agree, as discussed above, that the revocation of appellant's admission in New York amounted to a suspension, the fitness requirement requested by Bar Counsel is not comparable to what occurred in New York.[5]

New York required respondent to repeat the bar application process, a sanction she characterizes as a "do-over," and an investigation was conducted by a committee on character and fitness. *See* N.Y. Comp. Codes R. & Regs. Tit. 22, § 805.1. After investigating the circumstances surrounding her original application for admission to the bar of New York, that committee "conclude[d] that [Ms.

---

[4] Although respondent has already been readmitted to the New York bar, that fact does not control our analysis here. *See In re Gonzalez*, 967 A.2d 658, 661 (D.C. 2009) ("we have stated repeatedly that [reinstatement in the original jurisdiction] does not warrant automatic reinstatement in the District of Columbia").

[5] We have quoted above, see text at note 3, some language from *Brickle* about demonstrating fitness before being reinstated. We understand this sentence to be this court's attempt to describe in functional terms what happened when attorney Brickle was disciplined in Virginia. It does not establish an absolute requirement that this court must impose a fitness requirement as part of reciprocal discipline whenever an attorney's license to practice in another jurisdiction has been revoked.

Olivarius] currently possesses the requisite character and general fitness to practice law in the State of New York and recommend[ed] that the renewed application for admission be granted." The Supreme Court of New York adopted that recommendation and admitted her to the bar. *In re Olivarius*, 965 N.Y.S.2d 896 (N.Y. App. Div. 2013).[6]

The fitness requirement that Bar Counsel recommends in this case would be substantially different (and greater) discipline. *See In re Cater*, 887 A.2d 1, 25 (D.C. 2005) ("while a fitness requirement is not quite as severe an enhancement as disbarment, it comes close; . . . it can transform a thirty-day suspension into one that lasts for years"). We will impose a fitness requirement when "there exists a 'serious doubt' of a respondent's fitness to practice law." *Id*. at 24. "[I]f no serious doubt exists about an attorney's fitness, it would be unnecessary and unfair

---

[6] By contrast, an attorney who has been suspended, disbarred, or had her name struck from the roll of New York attorneys due to a felony conviction must apply for reinstatement. N.Y. Comp. Codes R. & Regs. Tit. 22, § 806.12(a). The court may grant reinstatement in such a situation after an applicant demonstrates "by clear and convincing evidence that [she] has fully complied with the provisions of [her disbarment or suspension], and . . . possesses the character and general fitness to resume the practice of law." N.Y. Comp. Codes R. & Regs. Tit. 22, § 806.12 (b). Respondent was not required to go through this process, which seems more akin to our requirement of demonstrating fitness.

to augment the sanction of a limited period of suspension with such an onerous obligation." *Id.*

We have received and reviewed the report of the New York Committee on Character and Fitness. In addition, the parties have presented numerous documents related to the discipline and reinstatement of respondent. This record does not raise the "serious doubt" required by *Cater*. Moreover, Bar Counsel has not undertaken to show by clear and convincing evidence that a greater sanction ("substantially different discipline") is required. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) ("The presumption [of identical discipline] applies unless the party opposing discipline (or urging non-identical discipline) shows, by clear and convincing evidence, that an exception should be made on the basis of one or more of the grounds set out in Rule XI, § 11(c)(1)-(5).").

Although a fitness requirement is not warranted, we may "impose any other reasonable condition, including a requirement that the attorney take and pass a professional responsibility examination as a condition of probation or of reinstatement." D.C. Bar R. XI, § 3 (b); *see also* D.C. Bar R. XI, § 16 (f) ("The Court may impose such other conditions on reinstatement as it deems appropriate."). It appears that requiring respondent to take the Multistate

Professional Responsibility Examination (MPRE) and await the results would unduly prolong her suspension. We therefore conclude that an appropriate condition on reinstatement is for respondent to complete the course on the District of Columbia Rules of Professional Conduct and District of Columbia practice that all new members of our bar are required to complete. *See* D.C. Bar R. II, § 3. Respondent will thus be required to repeat this requirement for admission to our bar and to refresh her knowledge of her professional obligations in this jurisdiction.

Analogizing the discipline imposed in New York to an indefinite suspension has provided a useful tool for determining whether respondent is subject to reciprocal discipline. But an open-ended suspension is not expressly authorized by our rules. *See* D.C. Bar R. XI, § 3 (a)(2) (authorizing suspension "for an appropriate fixed period of time not to exceed three years"). Imposing such a sanction here will complicate the process of reinstatement and likely will result in treating respondent much more severely than she was treated in New York. We conclude that a fair result is to suspend respondent for eighteen months, a period that will end at roughly the time this opinion is issued. Once respondent has fulfilled the condition described above, the purposes of reciprocal discipline will have been served in this case.

"In the absence of . . . a requirement ["that the attorney furnish proof of rehabilitation as a condition of reinstatement"], the attorney may resume practice at the end of the period of suspension." D.C. Bar Rule XI, § 3 (a)(2). Rule XI, § 16 (c) further provides that "[a]n attorney suspended for a specific period of time on or after September 1, 1989, without being required to furnish proof of rehabilitation under section 3(a)(2) of this rule shall be reinstated without further proceedings upon the expiration of the period specified in the order of suspension, provided that the attorney has timely filed with the Court the affidavit required by section 14(g) and such other proof as may be required under section 14(h) [relating to keeping records of compliance with conditions of suspension]."

It is therefore ORDERED that respondent Ann M. Olivarius be, and hereby is, suspended from the practice of law in the District of Columbia for a period of eighteen months, *nunc pro tunc* to November 15, 2012, the date on which she filed an affidavit in compliance with D.C. Bar R. XI, § 14 (g). Respondent shall be reinstated to the bar of this court without further proceedings when she files with this court proof that she has completed the course for new admittees described in D.C. Bar R. II, § 3.

*It is so ordered.*