Matter of Avolio (2023 NY Slip Op 02054)

Matter of Avolio

2023 NY Slip Op 02054

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

PM-87-23
[*1]In the Matter of Jonathan Robert Avolio, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jonathan Robert Avolio, Respondent. (Attorney Registration No. 5257035.)

Calendar Date:March 28, 2023

Before:Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and Fisher, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Lippes Mathias LLP, Albany (Karl J. Sleight of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in June 2014 and resides in Pennsylvania. In September 2019, respondent advised this Court's Office of Attorney Admissions for the first time that, while his application for admission had been pending before this Court in 2014 and four days before he was admitted to practice in this state, he was arrested and charged with disorderly conduct following his involvement in an altercation in New Jersey. Accordingly, by petition of charges marked returnable May 9, 2022, petitioner has alleged that respondent violated Rules of Professional Conduct (22 NYCRR 1200.00) rule 8.1 (a) due to his lack of candor in the bar application process. Following joinder of issue, petitioner moved for an order declaring that there are no issues of material fact requiring a hearing. Respondent opposed petitioner's motion and cross-moved to dismiss the petition for failure to state a cause of action. Petitioner was heard in response to the cross-motion by September 23, 2022 affirmation. In a confidential decision and order, this Court granted petitioner's motion, deemed the misconduct established and denied respondent's cross-motion. The parties were thereafter heard in aggravation, mitigation and as to the sanction to be imposed, and we have additionally heard from the parties at oral argument.
"Candor and the voluntary revelation of negative information by an applicant are the cornerstones upon which is built the character and fitness investigation of an applicant for admission to the New York State Bar" (Matter of Mendoza, 167 AD2d 658, 659 [3d Dept 1990] [citations omitted]). Practically speaking, an assessment of an applicant's character and fitness may only take place following the filing of an application for admission (see Rules of App Div, 3d Dept [22 NYCRR] § 805.1 [c]), thus making the period between submission of an application for admission and the administration of the oath of office a critical time for this Court's Committees on Character and Fitness to assess an applicant's candidacy and fitness for admission. In recognition of the paramount role ascribed to absolute candor and truthfulness in the bar admission process — and in the practice of law generally — the Legislature has explicitly authorized the unique disciplinary penalty of license revocation in situations where, as here, an applicant for admission makes "any misrepresentation or suppression of any information in connection with the application for admission to practice" (Judiciary Law § 90 [2]), and this Court has regularly and consistently imposed that sanction where an applicant has demonstrated a lack of candor in the bar admission process (see e.g. Matter of DeMaria, 154 AD3d 1161, 1163 [3d Dept 2017]; Matter of Williams, 142 AD3d 720, 721 [3d Dept 2016]; Matter of Olivarius, 94 AD3d 1224, 1225 [3d Dept 2012]). However, we acknowledge that our sister Departments have issued public censures in instances when appropriate mitigating factors are [*2]present (see e.g. Matter of McDougall, 127 AD3d 8, 10 [2d Dept 2015]; Matter of Garbarini, 76 AD3d 379, 383 [1st Dept 2010]; Matter of Harper, 223 AD2d 200, 202 [2d Dept 1996]).
We have reviewed the parties' submissions and arguments as to penalty. The record reflects that, four days before he was admitted to practice in this state in June 2014, respondent was arrested in New Jersey. However, respondent did not disclose this arrest to New York authorities until 2019 following his participation in another jurisdiction's character and fitness evaluation process, and despite the fact that he disclosed three prior interactions with law enforcement when his application for admission in this state was submitted to this Court for consideration. We accept respondent's arguments that his failure to amend his admission application or otherwise disclose the arrest prior to his admission resulted from a failure to appreciate his continuing obligation to disclose same up until his admission to the bar. However, we caution that even a careless mistake in failing to make required disclosures in the admission process — as opposed to a failure based on a deceptive or fraudulent motive — warrants the need for a public disciplinary sanction (see Matter of Olivarius, 94 AD3d at 1225; see also Matter of Canino, 10 AD3d 194, 195-196 [2d Dept 2004]). Moreover, we have also considered petitioner's concerns that respondent's lack of candor in disclosing the arrest prior to his admission deprived the Committees on Character and Fitness the opportunity to consider the full scope of his conduct in assessing his character and fitness for admission in New York (see Matter of Olivarius, 94 AD3d at 1225; Rules of App Div, 3d Dept [22 NYCRR] § 805.1).
As such, in order to fulfill our obligation to maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters § 1240.8 [b] [2]), but noting the appearance of certain mitigating factors, including respondent's otherwise clean disciplinary history (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]), we censure respondent for his professional misconduct.
Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that respondent is censured.