Matter of Dunsmoor (2023 NY Slip Op 05573)

Matter of Dunsmoor

2023 NY Slip Op 05573

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

PM-249-23
[*1]In the Matter of Jonathan Chase Dunsmoor, an Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jonathan Chase Dunsmoor, Respondent. (Attorney Registration No. 4936399.)

Calendar Date:October 18, 2023

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.
Jonathan Chase Dunsmoor, Buffalo, respondent pro se.

Per Curiam.
Respondent, who maintains a law office in the City of Buffalo, Erie County, was admitted to practice by this Court on April 13, 2011 after submitting an application for admission to this Court in late November 2010. On December 11, 2010, however, respondent was arrested in Erie County and charged with misdemeanor driving while intoxicated and leaving the scene of an accident. As a result of this arrest, respondent was charged with violating the student rules and regulations of the university where he was then-matriculated. In late March 2011, the criminal matter was resolved by respondent's plea of guilty to the violation of leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [1] [a]) and, shortly after his admission by this Court, respondent pleaded responsible to a university rule violation and was placed on probation. In 2017, respondent sought a copy of his New York bar admission application, as he was then seeking admission in another jurisdiction. Following his receipt of the application, respondent inquired about the whereabouts of an addendum purportedly in the possession of this Court's Office of Attorney Admissions, which he alleged had been sent in January 2011 and in which he claimed that the December 2010 criminal matter had been disclosed. Upon confirmation from the Office of Attorney Admissions that no such addendum existed, respondent self-reported the arrest and the criminal plea in a January 2017 affidavit provided to the Office.
By petition of charges (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8; Rules of the App Div, 3d Dept [22 NYCRR] § 806.8), petitioner has alleged that respondent failed to timely disclose the aforementioned matters to this Court, although obliged to do so, and therefore engaged in professional misconduct deserving of public discipline (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.1 [a]). Respondent thereafter joined issue and later moved to dismiss the petition of charges, and petitioner cross-moved for an order declaring that no questions of fact were raised by the parties' papers and deeming the misconduct established. By confidential order, the Court denied the parties' cross-motions and directed that the matter be referred to a Referee following respondent's filing of his statement of disputed/undisputed fact. Following a hearing, the Referee's report recommended that the sole charge be sustained. Petitioner moves to confirm the Referee's report and respondent opposes the motion; the parties have also been heard in oral argument.
In opposition to petitioner's motion to confirm, respondent, among other things, argues that the petition's sole charge cannot be sustained, as the Referee's report does not establish, and petitioner has not proven by the requisite standard, that, in connection with his admission, he knowingly "has made or failed to correct a false statement of material fact" or "has failed to disclose a material fact requested in connection [*2]with a lawful demand for information from an admissions authority" (Rules of Prof Conduct [22 NYCRR 1200.0] rule 8.1 [a]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [1]).[FN1] Respondent's objections also largely challenge the credibility assessments of the Referee, who was best situated to assess the demeanor of the witnesses, and whose credibility determinations are therefore entitled to deference so long as they are sufficiently supported by the record (see e.g. Matter of Hennessey, 155 AD3d 1425, 1426-1427 [3d Dept 2017]; Matter of Schillinger, 116 AD3d 1159, 1160 [3d Dept 2014]).
The documentary evidence and testimony elicited at the hearing reveal that respondent acknowledged his obligation to disclose the relevant matters, but conversely do not support his assertions that he submitted an addendum disclosing the criminal matter prior to his admission. As the Referee found, the record reveals that respondent has provided inconsistent statements throughout the proceeding, with his statements varying as to when and to whom the disclosure was purportedly made prior to his admission, and are further not supported by any documentary evidence, except an email that respondent sent only to himself. Moreover, respondent's statements at the hearing that he submitted the addendum in February 2011 and did not do so prior to that time as he wanted to resolve the criminal matter and provide the Office of Attorney Admissions a complete set of documents are starkly contrasted with documentary evidence indicating that the criminal and academic matters were not resolved until March 2011 and April 2011, respectively. As such, we find that respondent, while his application for admission remained pending before us, failed to disclose the arrest, criminal conviction and academic disciplinary matter, despite an ongoing obligation to do so, and such conduct constitutes professional misconduct. Thus, we confirm the findings and determinations in the Referee's report as to the sole charge (see Matter of Olivarius, 94 AD3d 1224, 1224-1225 [3d Dept 2012]; Matter of Spinner, 19 AD3d 803, 803-804 [3d Dept 2005]).
Turning to the issue of the appropriate discipline to be imposed for the aforementioned misconduct, we possess the statutory authority "to revoke an attorney's admission 'for any misrepresentation or suppression of any information in connection with the application for admission to practice' " (Matter of DeMaria, 154 AD3d 1161, 1161 [3d Dept 2017], quoting Judiciary Law § 90 [2]; see Matter of Williams, 142 AD3d 720, 721 [3d Dept 2016]; Matter of Olivarius, 94 AD3d at 1225). Nonetheless, we are not constrained to impose the penalty of revocation in such cases, but rather may issue any penalty necessary "to protect the public, maintain the honor and integrity of the profession, [and] deter others from committing similar misconduct" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]; see e.g. Matter of Avolio, 215 AD3d 1167, 1169 [3d [*3]Dept 2023]). We have reviewed the parties' submissions and arguments as to penalty. Petitioner cites a number of aggravating factors, including respondent's dishonest or selfish motive in omitting the arrest, conviction and academic discipline on his bar application to advance his own personal and financial gain (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b]) and his refusal to acknowledge the wrongful nature of his conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]), instead continuously claiming that he attempted to amend his application, despite no evidence thereof. Respondent cites several mitigating factors, including his lack of prior disciplinary history (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]); lack of dishonest or selfish motive, particularly in self-reporting this matter (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]); full and free disclosure and cooperative attitude with petitioner (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e]) and positive character and reputation in his 12 years of practice (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]). Respondent also alleges that any discipline would have a significant chilling effect on the self-reporting of alleged ethical violations.
The character and fitness assessment relies significantly, if not solely, on an applicant's candor (see Matter of Olivarius, 94 AD3d at 1225; Rules of App Div, 3d Dept [22 NYCRR] § 805.1) and "may only take place following the filing of an application for admission" (Matter of Avolio, 215 AD3d at 1167; see Rules of App Div, 3d Dept [22 NYCRR] § 805.1 [c]). As such, the time between submission of an application for admission and actual admission to practice is a critical time in assessing an applicant's fitness to practice law (see Matter of Avolio, 215 AD3d at 1167). While respondent argues that his 2017 disclosure of the arrest demonstrates his candor, his failure to disclose this material information prior to his admission denied this Court's Committees on Character and Fitness of the opportunity to fully assess his candidacy and fitness for the bar, thereby admitting him to practice without any consideration of the circumstances surrounding this arrest, the resulting plea and the academic disciplinary charges. Moreover, respondent's conduct through the pendency of this matter reveals his lack of respect for both the admissions and disciplinary processes, his inability to accept responsibility for his actions, often placing blame on other entities or individuals, and further seeks to minimize the significance of the conduct he failed to disclose prior to his admission and its relation to the assessment of his character and fitness to practice. As such, in order to "fulfill our obligation to maintain the honor and integrity of the profession and deter others from committing similar misconduct" (Matter of DeMaria, 154 AD3d at 1162; see [*4]Rules for Atty Disciplinary Matters § 1240.8 [b] [2]), we conclude that the appropriate penalty is a one-year suspension.
Egan Jr., J.P., Ceresia and McShan, JJ., concur. Aarons, J., concurs in part and dissents in part, and would grant petitioner's motion to confirm and issue a censure. Reynolds Fitzgerald, J., dissents, and would deny petitioner's motion to confirm.
ORDERED that petitioner's motion to confirm the Referee's report is granted and it is further
ORDERED that respondent's professional misconduct as set forth in the petition of charges verified April 22, 2022 is deemed established in accordance with the findings set forth herein, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR 1200.00) rule 8.1 (a); and it is further
ORDERED that respondent is suspended from the practice of law for one year, effective immediately, and until further notice of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16) and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended or disbarred attorneys (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.

Footnotes

Footnote 1: To the extent that respondent alleges that petitioner failed to state a claim in regard to its pleading of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.1 (a), we conclude that, accepting the alleged facts as true and interpreting them in the light most favorable to petitioner (see Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013]; CPLR 3211 [a] [7]), the petition, on its face, states a cognizable claim.