Matter of Attorneys in Violation of Judiciary Law § 468-a (Njoku) (2023 NY Slip Op 06430)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Njoku)

2023 NY Slip Op 06430

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

PM-276-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Ngozi Akunna Njoku, Respondent. (Attorney Registration No. 2774594.)

Calendar Date:October 10, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Ngozi Akunna Njoku, Toronto, Canada, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1996 and currently resides in Toronto, Canada, where she appears to be a solo practitioner. Respondent was suspended from practice by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2006 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1045 [3d Dept 2014]). She cured her registration delinquency in August 2023 and has applied for reinstatement by supporting affidavit with exhibit and supplemental affidavit. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the motion and, upon respondent's request, the matter was adjourned to permit her to reply. By October 25, 2023 correspondence, we directed respondent to provide the Court with additional information concerning the imposition of discipline against her in Ontario. Respondent has since provided additional correspondence to the Court and AGC has submitted correspondence in response.
"Any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1514 [3d Dept 2017]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Because we have concluded that respondent has not satisfied her burden concerning the character and fitness prong of the aforementioned test, we deny respondent's application for reinstatement.
Public records reveal that respondent was suspended from the practice of law in Ontario in August 2018 and again in September 2023. Despite respondent's assertions — which fail to include any documentary or legal support — that the suspensions were merely administrative in nature, public records establish that respondent currently remains suspended for failing to cooperate with disciplinary investigations in Ontario, among other conduct, and we note that the failure to cooperate with the Law Society constitutes professional misconduct within the meaning of Ontario law (see Ontario Rules of Professional Conduct, rules 1.1-1; 7.1-1). Significantly, public records further indicate that the September 2023 suspension was issued against respondent at the time her motion for reinstatement remained pending before us. However, she nonetheless failed to disclose this information, which is necessarily relevant to her reinstatement application and unquestionably should have been disclosed as part of her application to this Court (see Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix D, at ¶15). Accordingly, we deny her application[*2](cf. Matter of Mendoza, 167 AD2d 658, 659 [3d Dept 1990]).
Egan Jr., J.P., Clark, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that respondent's motion for reinstatement is denied.