*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 25-BG-0264

IN RE KEVIN MCCANTS, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 493979)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN: 23-BD-052; DDN: 2023-D055)

(Decided February 5, 2026)

Before: EASTERLY and SHANKER, *Associate Judges*, and THOMPSON, *Senior Judge.*

PER CURIAM: The Board on Professional Responsibility recommends that respondent Kevin McCants be suspended from the practice of law for nine months with his reinstatement conditioned on proof of fitness for making false statements about his disciplinary history when reapplying to the bar of the U.S. District Court for the District of Maryland, in violation of Md. R. 19-303.3(a)(1) (knowingly making a false statement of fact to a tribunal), 19-308.1(a) (knowingly making a false statement of material fact in connection with a bar admission application), and

19-308.4(c)-(d) (engaging in conduct involving dishonesty and that is prejudicial to the administration of justice).

Although respondent filed a response to this court's order to show cause why he should not be suspended pending the outcome of this proceeding, he did not file a brief as directed, and our review is accordingly deferential and limited. *See In re Dubow*, 729 A.2d 886, 887 (D.C. 1999) (per curiam) ("[R]eview of the Board's report should be deferential where respondent has bypassed the opportunity to identify and brief issues."); *accord In re Perez,* 828 A.2d 206, 206-07 (D.C. 2003) (per curiam); *In re Armfield*, 340 A.3d 1275, 1276 (D.C. 2025) (per curiam).

Upon review of the record and the arguments in respondent's show-cause response, we discern no reason to question the Board's factual findings and conclusions—including the determination that proof of fitness is warranted in the circumstances of this case. *See In re Olivarius*, 90 A.3d 1113, 1117 (D.C. 2014) ("We will impose a fitness requirement when there exists a serious doubt of a respondent's fitness to practice law.") (internal quotation marks omitted); *In re Cater*, 887 A.2d 1, 12 (D.C. 2005) ("The decision on sanction is committed, in the final analysis, to this Court's discretion. In exercising that discretion, our policy is to adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted.") (citation and internal quotation marks omitted); *In re*

*Rosen*, 570 A.2d 728 (D.C. 1989) (per curiam) (imposing, in a reciprocal discipline case, a nine-month suspension with fitness where the attorney misrepresented material facts regarding his disciplinary history in applying for admission to the Maryland Bar). Accordingly, it is

ORDERED that respondent Kevin McCants is hereby suspended from the practice of law for nine months with his reinstatement conditioned on proof of fitness. Respondent's attention is directed to the requirements of D.C. Bar R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*