In the Matter of SIMON BRAUNSTONE (Also Known as SIMON H. BRAUNSTONE and as SIDNEY H. BRAUNSTONE), an Attorney, Respondent.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 30, 1942.

*Einar Chrystie* for petitioner.

*Henry A. Uterhart* for respondent.

*Per Curiam.* The referee has reported that it has been conclusively established before him that the respondent, in an application for admission to the bar, for the purpose of concealing facts, deliberately gave false answers in a questionnaire verified by him on September 20, 1932, and again on October 27, 1932, and filed by him with the Committee on Character and Fitness for the Second Department. By such answers, the respondent falsely denied that he had been a party to any action or proceeding other than those referred to in his questionnaire. He thus endeavored to conceal the fact that in February, 1929, his wife, Antoinette Braunstone (whom he had married under the name of Sidney Braunstone in Westchester county, New York, on January 5, 1927), commenced an action against him in the Supreme Court, Kings county, in which she sought an annulment of the marriage upon the ground of fraud.

Respondent's motive for deliberately filing false answers was to conceal the fact that he had defaulted in an action wherein he was charged with fraud.

The respondent thus procured his admission to the bar by filing a questionnaire, verified by him, which contained false answers. Such a fraud upon the court is sufficient to warrant the revocation of his license to practice law. (*Matter of Schecht,* 242 App. Div. 495.)

The referee further reports that the respondent verified a complaint on August 27, 1936, in an action brought in the Supreme Court, New York County, in which he sought the annulment of a marriage contracted between him and one Mrs. Elizabeth J. Lee on July 11, 1936. In the complaint he falsely alleged that, for the purpose of inducing him to consent to such marriage, Mrs. Lee falsely represented to him that she desired to marry him and cohabit with him as husband and wife, but that after the marriage she refused to live or cohabit with him and that the marriage had never been consummated. Upon an inquest subsequently held in said action, the respondent falsely represented to the court that the summons therein had been personally served upon the defendant and that she had defaulted, and the respondent then gave false testimony in support of the allegations of his complaint. In that proceeding he called as a

witness one Goodstein, who also gave false testimony in respondent's behalf at his inducement. As a result of the respondent's perjury and subornation of perjury, he obtained the entry of an interlocutory decree of annulment of his marriage to Mrs. Lee. The referee found that the aforesaid marriage had, in fact, been consummated and that the parties freely cohabited even after the commencement of the aforesaid annulment action. He further found that the defendant had never been served in that action and had no knowledge of it until after the entry of the interlocutory decree.

The referee, in concluding his report, stated: " I have carefully observed the character and demeanor of the respondent and Mrs. Braunstone, and all other witnesses, and carefully weighed the evidence. In the light of my experience and from the evidence I find that the respondent has been completely discredited as a witness with respect to his testimony. His testimony was evasive and inconsistent, incredible and fabulous. He continually quibbled as to his answers and I had to admonish him frequently on that account."

The evidence overwhelmingly sustains the findings of the referee. Upon the record, the referee could have reached no other conclusion. In addition, the respondent has aggravated the seriousness of his misconduct by attempting to deceive the referee by giving false testimony on the hearings.

The respondent should be disbarred.

Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.