In the Matter of Isaac M. Mishkoff, a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, February 1, 1988

## APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*John G. Bonomi* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this court on September 18, 1985. The petitioner moves, *inter alia,* to confirm the report of the Special Referee which sustained four charges of professional misconduct and revoke the respondent's admission to the Bar. The respondent moves, *inter alia,* to confirm in part and disaffirm in part said report.

The first charge alleged that respondent made materially false statements in his application for admission to practice as an attorney in New York State in that on June 14, 1985, the respondent falsely swore before a notary public that all the information which he had supplied in his application for admission to the Bar was true, and that he falsely stated on said application that he had received a Bachelor of Arts degree from Yeshiva College when in truth he had never received a degree from that school.

The second charge alleged that the respondent deliberately failed to disclose a material fact requested in connection with his application for admission to the Bar in that he deliberately failed to disclose his employment at a law office during 1983 and 1984 while he was a law student.

The third charge alleged that in October 1985 the respondent falsely swore before a notary public that all the information he had supplied on his background questionnaire for the New York City Department of Investigation was true, in that he stated on said questionnaire that he received a "B.A." degree from Yeshiva College in June 1979 when, in fact, he had never received a degree from that college.

The fourth charge alleged that the respondent gave false and misleading testimony when he appeared, with counsel, at the petitioner's office in March of 1986 when he testified under oath that he had never rented or been instrumental in renting a certain post-office box.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The petitioner's motion, *inter alia,* to confirm the report of the Special Referee should be granted. The respondent's motion, *inter alia,* to confirm in part and disaffirm in part should be denied to the extent indicated above.

The respondent's admission to practice law in this State which was based upon misrepresentation of information on his application for admission to practice is hereby revoked *(see,*

Judiciary Law § 90 [2]; *Matter of Braunstone,* 265 App Div 337, *lv denied* 265 App Div 1040). Were it not for this revocation, the professional misconduct of which the respondent has been found guilty would have resulted in his disbarment, even after taking into consideration the mitigating circumstances advanced by him.

Accordingly, the respondent's admission to practice is revoked, and his name is stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and SPATT, JJ., concur.