[724 NYS2d 466]

In the Matter of BRYAN EVERTON BENN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 14, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Jerome Karp*, Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has submitted an affirmation, also requesting that the Court impose such discipline as it deems appropriate.

The petition charges that respondent made materially false statements in his application for admission to the Bar, in violation of Code of Professional Responsibility DR 1-101 (a) (22 NYCRR 1200.2 [a]).

On December 6, 1997, the respondent executed a retainer agreement in which he referred to himself as an attorney and counselor-at-law. Pursuant to that agreement, the respondent was to represent Claude Fraser in securing an uncontested divorce. On December 6, 1997, the respondent accepted $500 toward his fee of $800 for representing Fraser in the divorce.

In his application for admission to the Bar, sworn to on November 23, 1998, the respondent falsely answered "no" to question 13 (b), which asked if he had ever engaged in the unauthorized practice of law. The respondent also falsely answered "no" to question 13 (d), which asked if he had ever given legal advice or held himself out as an attorney or counselor-at-law in this State.

Based on the evidence adduced, the Special Referee properly sustained the charge. The petitioner's motion to confirm the Special Referee report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that his actions, while improper, were committed out of ignorance as to what he was permitted to do prior to his admission to the Bar and without venal intent. The respondent also states that he did not intend to deceive the Court. He has submitted character letters from a legal colleague, a tax accountant with New York Life Insurance Company, and his wife, all attesting to his reputation for honesty and integrity. The respondent also points out his efforts to improve his life through education and hard work while raising three children, the eldest being enrolled in a seven-year medical school program.

Notwithstanding the mitigation offered by the respondent, he entered into a retainer agreement to represent a client in an uncontested matrimonial action for a fee of $800, accepted $500 of the fee, and had a conference with the client, all before his admission to the Bar. He thereafter denied on his application for admission that he had ever given legal advice, held himself out as an attorney, or engaged in the unauthorized practice of law. At his deposition at the petitioner's offices on April 14, 1999, the respondent reluctantly conceded that his answer to the question on the admission application as to whether he had ever held himself out as an attorney should have been in the affirmative.

The evidence establishes that the respondent made materially false statements in his application for admission to the Bar in New York, in violation of Code of Professional Responsibility DR 1-101 (a) (22 NYCRR 1200.2 [a]). This misconduct is grounds for revocation of an attorney's admission (*see, Matter of Mishkoff*, 135 AD2d 57).

The respondent's admission to the Bar in this State, which was based upon misrepresentation of information on his application for admission, is hereby revoked (*see*, Judiciary Law § 90 [2]), and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

O'BRIEN J. P., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the motion of the Grievance Committee to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's admission to the Bar in the State of New York is hereby revoked, pursuant to Judiciary Law § 90 (2), and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.