[770 NYS2d 77]

In the Matter of EMMANUEL OLUREMI BAMISILE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 15, 2003

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Ray Lynch*, Staten Island, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing one charge of professional misconduct. In his answer, he denied knowledge and information sufficient to form a belief as to the truth of the factual allegations contained in the petition. At the prehearing conference, he admitted the factual allegations, but denied any intent to deceive. The petitioner's case consisted entirely of documentary evidence, to wit, three exhibits. The respondent's case consisted of his own testimony and three character letters. At the conclusion of the hearing, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report, to dismiss the charge, and to impose no discipline.

Charge One alleges that the respondent made a materially false statement on his application for admission to the bar and deliberately failed to disclose material facts requested in connection with that application, in violation of Code of Professional Responsibility DR 1-101 (a) (22 NYCRR 1200.2 [a]):

In March 1994 the respondent applied to the United States Immigration and Naturalization Service for political asylum using the name "Emmanuel Oluremi Bamisile" and a date of birth of May 5, 1950. While his political asylum application was pending, the respondent won the Diversity Immigrant Visa Lottery under the name "Remi I. Bamisile" with a date of birth of November 12, 1963. He was issued an alien registration card and a social security number. His application for political asylum was subsequently granted under the name "Emmanuel Oluremi Bamisile," and he was issued a second alien registration card and a second social security number.

In January 1996 the respondent, using the name "Remi Bamisile," applied for and obtained a New York City public schools certificate to serve as a per diem substitute teacher and worked as a per diem substitute teacher.

From February 1997 until March 1998, using the name "Remi Bamisile," the respondent was employed by the New York City Human Resources Administration as a fraud investigator.

In January 1998 the respondent applied for admission to the New York State Bar under the name "Emmanuel Oluremi Bam-

isile." On his application, which was sworn to on January 8, 1998, in response to question 1 (b), which asked for other names used by the respondent or by which he had been known, the respondent deliberately failed to provide either "Remi Bamisile" or "Remi I. Bamisile." On line 1 (c), the respondent provided only one of his two social security numbers. In response to question 9, which asked for all employment in chronological order since attaining the age of 18, the respondent failed to include his employment as a teacher and fraud investigator.

Based on the evidence adduced at the hearing, including the respondent's admissions, the charge was properly sustained by the Special Referee.

The respondent's contentions to the contrary notwithstanding, the record reveals that the respondent admitted the factual allegations contained in the petition prior to the hearing. Although he claimed that his misrepresentations were not made with an intent to deceive, his testimony at the hearing proves otherwise. The respondent was given a full and fair opportunity to present his case, including any mitigation, at the hearing. His vague and unsubstantiated allegations about how the hearing was conducted do not support dismissal of the charge.

The respondent has no prior disciplinary history.

The sanction for making materially false statements on an application for admission to the bar is revocation of an attorney's admission (*see Matter of Benn,* 282 AD2d 187 [2001]; *Matter of Mishkoff,* 135 AD2d 57 [1988]; *see also* Judiciary Law § 90 [2]). Accordingly, the respondent's admission is hereby revoked.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and H. MILLER, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the cross motion, inter alia, to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent's admission to the bar of the State of New York is hereby revoked, pursuant to Judiciary Law § 90 (2), and effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.