[781 NYS2d 686]

In the Matter of STEPHEN M. CANINO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 7, 2004

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Flamhaft Levy Kamins & Hirsch*, Brooklyn (*Barry Kamins* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated April 17, 2003, containing one charge of professional misconduct. After a hearing on June 25, 2003, the Special Referee sustained the charge. The petitioner now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's counsel submitted an answer in which he also moves to confirm the Special Referee's report but asks the Court to consider the mitigating evidence which was found by the Special Referee. The respondent argues that a censure or a short period of suspension is the appropriate sanction under these circumstances. Should the Court deem a harsher sanction warranted, the respondent requests that the Court revoke his admission and place him in the position he was in at the time of his original application for admission.

Charge One alleges that the respondent deliberately failed to disclose a material fact requested in connection with his application for admission to the New York State bar, in violation of Code of Professional Responsibility DR 1-101 (a) (22 NYCRR 1200.2 [a]).

The respondent worked as an intern in the office of the Richmond County District Attorney during the summer of 1992. The respondent failed to report that employment on his application for admission to the bar dated October 8, 1997. The respondent concealed that information in order to avoid the requirement of obtaining an employer's affidavit, inasmuch as he had reason to believe that such an affidavit would be unfavorable to his application.

The Special Referee concluded that the respondent intentionally omitted the fact of his prior employment to avoid the requirement of obtaining an employer's affidavit. The Special Referee sustained the charge.

Based on the respondent's admission, the petitioner's motion to confirm the Special Referee's report, as joined in by the respondent, is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that his act of misconduct was singular, that he has no disciplinary history, and that he enjoys an excellent reputation for honesty and truthfulness in the legal community. The respondent submits that a censure or short period of suspension would be appropri-

ate under the circumstances of this case. In the event the Court believes that a harsher sanction is appropriate, he requests that the Court consider revoking his admission, thereby placing him in the position he was in at the time he originally applied for admission to the bar. The respondent could then present the Committee on Character and Fitness with all of the circumstances surrounding his prior employment and it could then determine, with this knowledge before it, whether he should be approved for admission to the bar.

The sanction for making materially false statements on an application for admission to the bar is revocation of an attorney's admission (see Matter of Bamisile, 3 AD3d 10 [2003]; Matter of Benn, 282 AD2d 187 [2001]; Matter of Mishkoff, 135 AD2d 57 [1988]; see also Judiciary Law § 90 [2]). Accordingly, the respondent's admission is hereby revoked.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and RIVERA, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that Stephen M. Canino's admission to the bar of the State of New York is hereby revoked, pursuant to Judiciary Law § 90 (2), and effective immediately, his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that if the respondent, Stephen M. Canino, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).