■ In the Matter of ERIC L. SPINNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [796 NYS2d 716]—

Per Curiam. Respondent was admitted to practice by this Court in 2003. He maintains a law office address in Queens County.

Petitioner moves to confirm a Referee's report which sustained three charges of professional misconduct against respondent. Respondent opposes the motion and requests that the report be disaffirmed and the charges dismissed.

We find respondent guilty of having failed to disclose a material fact requested in connection with his application for admission to the bar, in violation of the attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-101 [a] [22 NYCRR 1200.2 (a)]). Specifically, respondent failed to fully disclose his criminal record, namely his arrest for possession of marihuana in 1993 in New Jersey and his plea of guilty to disorderly conduct, his arrest in New York in 1996 and the dismissal of the charges, and his arrest in 2000 in New York and his plea of guilty to disorderly conduct. We reject respondent's contention that he was not required to disclose such matters (*see* 22 NYCRR 840.5). We also find respondent guilty of having provided dishonest and deceptive responses in connection with his application to the New York State Unified Court System for a secure pass because he did not disclose the 1993 New Jersey matter to the investigator (*see* DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]). Finally, we find respondent guilty of having attempted to mislead and deceive petitioner by stating to petitioner that he had disclosed the 2000 criminal matter on a separate sheet of paper which he states he enclosed with his application for admission but which paper is not part

of his application on file with this Court, and by stating to petitioner that he had disclosed the 1993 New Jersey matter to the investigator of the secure pass application (*see* DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]).

We conclude that the proper sanction for making materially false statements on an application for admission to the bar is revocation of an attorney's admission pursuant to Judiciary Law § 90 (2) (*see e.g. Matter of Canino*, 10 AD3d 194 [2004]).

Crew III, J.P., Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent's admission to the bar of the State of New York is hereby revoked, pursuant to Judiciary Law § 90 (2), and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended or disbarred attorneys (*see* 22 NYCRR 806.9); and it is further ordered that the secure pass issued to respondent by the Office of Court Administration shall be returned forthwith to the issuing office and respondent shall certify to such return in the affidavit of compliance (*see* 22 NYCRR 806.9 [f]).