[805 NYS2d 760]

In the Matter of PETER J. OSREDKAR, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner

Fourth Department, November 10, 2005

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Peter J. Osredkar*, Eugene, Oregon, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Third Department on June 20, 2000, and was formerly engaged in the practice of law in Syracuse. Respondent currently resides in Oregon. The Grievance Committee (petitioner) filed a petition charging respondent with, inter alia, making materially false statements in his application for admission to the New York State bar and with omitting material facts from his application. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, petitioner filed a motion in this Court to suspend respondent as an immediate threat to the public interest on the ground that he had filed an application for admission in the State of Washington that contained false statements, and, that he had failed to disclose in that application the pendency of this proceeding. Respondent failed to respond to the motion and did not appear before this Court on the return date. This Court granted the motion of petitioner and, by order entered July 1, 2005 (20 AD3d 942 [2005]), respondent was suspended until further order of the Court.

Respondent did not participate in a prehearing conference and did not appear at the scheduled hearing. The Referee filed a report based upon exhibits received in evidence on behalf of petitioner and documents that had previously been submitted by respondent.

Petitioner moves to confirm the report of the Referee and seeks an order, pursuant to Judiciary Law § 90 (2), revoking respondent's license to practice law. Respondent did not respond to the motion or appear before this Court on the return date. He filed a proposed resignation from practice, which was rejected for failure to comply with 22 NYCRR 1022.27.

The Referee found that respondent, in his application for admission to the bar, failed to disclose certain legal employment, a material fact requested in the application. In addition, the Referee found that, prior and subsequent to his admission, respondent made false and misleading statements regarding his employment history in resumés provided to employment agencies. The Referee also found that respondent, following his admission to the bar, fabricated letters of recommendation and falsified his law school transcript. Additionally, the Referee found that respondent made false statements during the investigation conducted by petitioner and during this proceed-

ing, including a claim that one of the letters of recommendation in issue had been fabricated by his 13-year-old daughter.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-101 (a) (22 NYCRR 1200.2 [a])—making materially false statements in or deliberately failing to disclose a material fact in connection with an application for admission to the bar;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice; and

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness to practice law.

We decline to adopt the Referee's conclusions that respondent violated the Disciplinary Rules when, during the pendency of the proceeding, he sent to the Referee and to counsel for petitioner certain e-mail communications, and, when he made a false statement in an application for legal employment. Respondent was not formally charged with that misconduct and, consequently, we decline to consider it. We also decline to adopt the conclusion of the Referee that the conduct of respondent in describing himself in a résumé as an "associate" with a firm in a jurisdiction in which he was not admitted to practice constituted practicing law in that jurisdiction, in violation of DR 3-101 (b) (22 NYCRR 1200.16 [b]).

We note, in determining an appropriate sanction, the finding of the Referee that there are no mitigating factors in this matter. We have also considered certain aggravating factors found by the Referee, including the false statements made by respondent during the investigation and proceeding and his conduct toward the Referee and counsel for petitioner. Additionally, we note the failure of respondent to controvert the allegations made by petitioner regarding his attempt to gain admission to the bar in another jurisdiction without disclosing the pendency of this proceeding.

Petitioner correctly notes that this Court is authorized to revoke respondent's license to practice law for his conduct in omitting from his application for admission a material fact (see Judiciary Law § 90 [2]; see also Matter of Canino, 10 AD3d 194, 196 [2004]). We conclude, however, that respondent has amply

demonstrated that he lacks the requisite character and fitness to practice law. Consequently, we decline to revoke his admission and place him in the position that he was in at the time of his original application for admission (*see Canino*, 10 AD3d at 196). Accordingly, we conclude that respondent should be disbarred.

PIGOTT, JR., P.J., HURLBUTT, KEHOE, MARTOCHE and LAWTON, JJ., concur.

Order of disbarment entered.