■ In the Matter of MADUKA B. UCHENNA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [891 NYS2d 915]—

Per Curiam.

Petitioner charges respondent with having made a materially false statement on his application for admission filed with this Court in 2004, in violation of former Code of Professional Responsibility DR 1-101 (a) (22 NYCRR 1200.2 [a]).* The petition states that respondent failed to disclose, as required, a 1997 conviction in the Crown Court at Isleworth, England, of being knowingly concerned in the fraudulent evasion of a prohibition or restriction on importation of a class A controlled drug, specifically cocaine. He was sentenced to eight years of imprisonment.

Respondent has not answered or otherwise replied to the petition or to petitioner's instant motion for a default judgment. Petitioner has filed proof of proper service of the petition and default judgment on respondent and proof by affidavit of the facts constituting the alleged misconduct, specifically a copy of

* The alleged misconduct occurred prior to the April 1, 2009 enactment of the Rules of Professional Conduct.

respondent's application for admission questionnaire and a certificate of his conviction. Under such circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion and further find respondent guilty of the professional misconduct as charged and specified (*see e.g. Matter of Petrolawicz*, 228 AD2d 1005 [1996]).

We further conclude that the proper sanction for making materially false statements on an application for admission to the bar is revocation of the attorney's admission pursuant to Judiciary Law § 90 (2) (*see e.g. Matter of Spinner*, 19 AD3d 803 [2005]).

Cardona, P.J., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent's admission to the bar of the State of New York is hereby revoked, pursuant to Judiciary Law § 90 (2), and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law of the State of New York; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended or disbarred attorneys (*see* 22 NYCRR 806.9).