[906 NYS2d 916]

In the Matter of TANYA E. LAWRENCE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 14, 2010

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

*Tanya E. Lawrence*, New York City, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated June 29, 2009, containing one charge of professional misconduct. After a preliminary conference on December 4, 2009, and a hearing on January 5, 2010, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court may deem just and proper. The respondent has submitted a motion in support of the Grievance Committee's motion to confirm the Special Referee's report and to grant her request for leave to amend her bar application and/or to impose such discipline as this Court deems just and proper.

Charge one alleges that the respondent submitted a materially false and misleading application for admission to the practice of law, in violation of Code of Professional Responsibility DR 1-101 (a) and DR 1-102 (a) (4) and (5) (22 NYCRR 1200.2 [a]; 1200.3 [a] [4], [5]).

By order of the Supreme Court of New Jersey dated November 4, 2005 (185 NJ 282, 884 A2d 1257 [2005]), the respondent was disbarred from the practice of law in that state. She had been suspended in New Jersey since 2002.

On or about December 31, 2007, the respondent submitted an application for admission to practice as an attorney and counselor-at-law in the State of New York to the Committee on Character and Fitness for the Second Judicial Department. In response to question 10 (a) of the application, which asks whether the applicant has applied to or taken the bar examina-

tion in any country, state, or jurisdiction other than the State of New York, the respondent replied in the affirmative. Question 10 (b) of the application inquires about applications for admission in other jurisdictions and the dispositions of any such applications. In reply to that question, the respondent indicated only the following: "Connecticut-Admission Pending Application filed September 10, 2007-Waiting date for Personal Interview and Sugaring [sic] in Ceremony." The respondent failed to mention her New Jersey admission, suspension, or disbarment.

In response to question 13 (a), which asks whether the applicant has ever testified or been granted immunity as a witness in any action or proceeding or before any prosecuting or investigative agency, the respondent falsely answered in the negative. The respondent also falsely answered in the negative to questions 13 (d) and (e) and 9 (b) on the application, which asked whether she had ever been charged with fraudulent conduct or any other act involving moral turpitude, whether she had ever been a party to or otherwise involved in any civil or criminal action or investigation not covered by the prior questions, and whether her conduct was ever called into question regarding the unauthorized practice of law, respectively.

The respondent's 2002 suspension in New Jersey was predicated, in part, upon her unlawful acceptance of a retainer to perform legal services in New York, before she was admitted to the bar of the State of New York.

Based on her fraudulent and misleading answers on the application for admission to the bar of the State of New York, the respondent was admitted to practice law in New York by this Court on November 19, 2008.

Based on the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report, as supported by the respondent, is granted.

In determining an appropriate measure of discipline to impose, Grievance Counsel aptly notes that "[t]he sanction for making materially false statements on an application for admission to the bar is revocation of an attorney's admission (*see Matter of Bamisile*, 3 AD3d 10 [2003]; *Matter of Benn*, 282 AD2d 187 [2001]; *Matter of Mishkoff*, 135 AD2d 57 [1988]; *see also* Judiciary Law § 90 [2])" (*Matter of Canino*, 10 AD3d 194, 196 [2004]).

As the Special Referee properly found, the respondent's omissions constituted a deliberate attempt to conceal from the Committee on Character and Fitness information which was clearly relevant, and which would have likely resulted in the denial of her application for admission to the bar of the State of New York. Accordingly, the respondent's request for leave to amend her bar application is denied, and her admission to the bar of the State of New York is hereby revoked and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee, as supported by the respondent, is granted; and it is further,

Ordered that Tanya E. Lawrence's admission to the bar of the State of New York is hereby revoked, pursuant to Judiciary Law § 90 (2), and effective immediately, her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that if the respondent, Tanya E. Lawrence, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).