[1 NYS3d 852]

In the Matter of Natasha M. McDougall (Admitted as Natasha Maria McDougall), an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, February 25, 2015

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark DeWan* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition, dated October 8, 2013, containing one charge of professional misconduct. Following a pretrial conference on April 3, 2014, and a hearing on May 16, 2014, the Special Referee submitted a report in which she sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent joins in the Grievance Committee's motion, and requests the imposition of a private reprimand.

Charge one alleges that the respondent violated former Code of Professional Responsibility DR 1-101 (a) (22 NYCRR 1200.2 [a]) based upon her having made a materially false statement, or having deliberately failed to disclose a material fact, on her application for admission to the New York bar, as follows:

On or about June 28, 2006, the respondent falsely answered "No" to question No. 12 on her application for admission to the New York bar, which reads:

> "Have you ever, either as an adult or juvenile, been cited, arrested, taken into custody, charged with, indicted, convicted or tried for, or pleaded guilty to, the commission of any felony or misdemeanor or the violation of any law, except minor parking violations, or been the subject of any juvenile delinquency or youthful offender proceeding?"

At the time, the respondent knew that on August 20, 1993, she had been arrested in New York, New York, and charged with petit larceny and criminal possession of stolen property.

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, this Court has considered the Special Referee's finding of genuine remorse, and the high regard in which the respondent is held by her peers, as well as her employer, the Honorable Jeanette Ruiz, Supervising Judge of the Family Court, Kings County, who testified on the respondent's behalf. The Court also has considered, inter alia, the affirmative steps that the respondent took to rectify her conduct, including, but not limited to, having the charges dismissed and the record sealed, and her otherwise unblemished disciplinary history. Nonetheless, the Court notes that "candor and the voluntary disclosure of negative information by an applicant are the cornerstones upon which is built the character and fitness investigation of an applicant for admission to the New York State bar" (*Matter of Melendez*, 101 AD3d 1229, 1231 [2012]).

Under the totality of the circumstances, the respondent is publicly censured for her professional misconduct.

ENG, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Natasha M. McDougall, admitted as Natasha Maria McDougall, is publicly censured for her professional misconduct.