*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 11, 2016         D-44-16

_____

In the Matter of DERRICK R.
   WILLIAMS SR., a Suspended
   Attorney.

COMMITTEE ON PROFESSIONAL
   STANDARDS,                           MEMORANDUM AND ORDER
                   Petitioner;

DERRICK R. WILLIAMS SR.,
                   Respondent.

(Attorney Registration No. 3064094)

_____

Calendar Date: July 18, 2016

Before: Lahtinen, J.P., Rose, Lynch, Mulvey and Aarons, JJ.

_____

    Monica A. Duffy, Committee on Professional Standards, Albany (Michael K. Creaser of counsel), for petitioner.

    Derrick R. Williams Sr., St. Ann, Missouri, respondent pro se.

_____

Per Curiam.

    Respondent was admitted to practice by this Court in 2000. In 2001, respondent was admitted to practice in Missouri, where he currently resides.

    By order entered June 19, 2008, this Court suspended respondent for one year based upon his January 2008 suspension in

Missouri (52 AD3d 1112 [2008]).[1] Respondent's applications to be reinstated in this state were thereafter denied by this Court in orders entered May 5, 2011 (84 AD3d 1499 [2011]) and April 21, 2016 (138 AD3d 1345 [2016]). Subsequently, as the result of information revealed in the course of its investigation of respondent's most recent reinstatement application, petitioner filed a single charge of professional misconduct alleging that respondent violated the requirement that he demonstrate candor in the bar admission process as set forth in Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.1 (a). Specifically, in the May 18, 2016 petition of charges, petitioner alleged that respondent failed to disclose a felony criminal conviction in the application for admission which respondent had submitted to this Court in connection with his 2000 admission to the bar (see Judiciary Law § 90 [2]). In his answer, respondent admitted the charge. There being no factual issues, the parties were then invited to submit any factors in mitigation and aggravation.

Upon review of the record and the submissions by the parties, we find respondent guilty of the charged misconduct and conclude that his admission to practice should be revoked as provided in Judiciary Law § 90 (2) (see Matter of Olivarius, 94 AD3d 1224, 1225 [2012]; Matter of Uchenna, 69 AD3d 1220, 1221 [2010]; Matter of Spinner, 19 AD3d 803, 804 [2005]). As this Court has emphasized, "candor and the voluntary disclosure of negative information by an applicant are the cornerstones upon which is built the character and fitness investigation of an applicant for admission to the New York State bar" (Matter of Melendez, 101 AD3d 1229, 1231 [2012]).

Lahtinen, J.P., Rose, Lynch, Mulvey and Aarons, JJ., concur.

---

[1] Respondent was reinstated to the practice of law in Missouri in August 2015.

ORDERED that respondent is found guilty of professional misconduct as set forth in the petition of charges; and it is further

ORDERED that respondent's admission to the bar of the State of New York is hereby revoked, pursuant to Judiciary Law § 90 (2), and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law of the State of New York; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as a principal or as agent, clerk or employee of another; and he is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended or disbarred attorneys (see Rules of App Div, 3d Dept [22 NYCRR] § 806.9; see also Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [eff. Oct. 1, 2016]).

ENTER:

Robert D. Mayberger
Clerk of the Court