Per Curiam.
 

 Respondent was admitted to practice by this Court in 2010 and lists a business address in New York City with the Office of Court Administration.
 
 [1]
 
 By verified petition dated January 19, 2017, petitioner alleges that respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.1 (a) due to his lack of candor in the bar application process. Following joinder of issue, we granted petitioner’s motion for an order declaring that there were no factual issues raised by the pleadings and, as a result, found that respondent had committed the act of misconduct charged in the petition. With the parties having since been heard in argument on matters of aggravation, mitigation and the appropriate discipline to be imposed, the matter is now ripe for final disposition.
 

 As we have repeatedly stated, “[c] andor and the voluntary revelation of negative information by an applicant are the cornerstones upon which is built the character and fitness investigation of an applicant for admission to the New York State [b]ar” (Matter of Mendoza, 167 AD2d 658, 659 [1990]; accord Matter of Williams, 142 AD3d 720, 721 [2016]; Matter of Olivarius, 94 AD3d 1224, 1225 [2012]; Matter of Wood, 1 AD3d 791, 791 [2003]). To that end, Judiciary Law § 90 (2) specifically authorizes this Court to revoke an attorney’s admission “for any misrepresentation or suppression of any information in connection with the application for admission to practice” and, to be sure, this Court has consistently imposed license revocation under circumstances such as are presented here (see Matter of Williams, 142 AD3d at 721-722; Matter of Olivarius, 94 AD3d at 1226; Matter of Uchenna, 69 AD3d 1220, 1221 [2010]; Matter of Spinner, 19 AD3d 803, 804 [2005]). The rationale for this rule is obvious; a material misrepresentation or omission in an applicant’s admission application deprives the Court’s Committee on Character and Fitness (see Rules of App Div, 3d Dept [22 NYCRR] § 805.1) of all the information it might find relevant in assessing the applicant’s candidacy, and lack of candor ultimately effects an admission upon false pretenses that may only be cured by invalidating the admission completely (see Matter of Grossman, 51 AD3d 135, 140 [2008]). Revocation of the admission, as opposed to suspension or disbarment, also effects some measure of leniency to the respondent since it permits him or her to immediately recommence the admission process anew with the benefit of full disclosure (see Matter of Olivarius, 94 AD3d at 1225; Matter of Canino, 10 AD3d 194, 195-196 [2004]; compare Matter of Grossman, 51 AD3d 135, 140 [2008]; Matter of Osredkar, 25 AD3d 199, 201-202 [2005]; see also Matter of Olivarius, 106 AD3d 1262 [2013]).
 

 Although respondent urges us to follow precedent from the First and Second Departments and impose a censure as the sanction for his misconduct (see Matter of McDougall, 127 AD3d 8 [2d Dept 2015]; Matter of Garbarini, 76 AD3d 379 [1st Dept 2010]; Matter of Harper, 223 AD2d 200 [2d Dept 1996]), we do not find those cases persuasive under the circumstances. Nor can we conclude, under the facts presented, that imposition of a censure would fulfill our obligation to maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
 

 On his December 2009 application for admission, in response to inquiries concerning other bar admissions, respondent indicated only that he was “in the process of completing Saskatchewan’s version of the ‘bar examination’ (i.e. ‘competency evaluations’), which must be completed prior to applying for admission in Saskatchewan.”
 
 [2]
 
 However, at that time, respondent had already been suspended from the program in question after it had been revealed that he had impermissibly collaborated and shared answers with a fellow student on a pair of the program’s online modules. As a result, a mere three months before his application for admission by this Court, respondent was found by the Law Society of Saskatchewan’s Admission and Education Committee to have engaged in a “serious breach of integrity” that warranted the imposition of several monetary and academic sanctions. As a consequence of respondent’s nondisclosure of these material facts (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.1 [a] [2]), he was admitted to practice in this state without any consideration of the circumstances existing in Saskatchewan during the time that his application was pending here. Moreover, following a lengthy hearing, respondent was ultimately denied admission in Saskatchewan. But, again, due to respondent’s nondisclosure in the first instance, this Court and its Committee on Character and Fitness were deprived of the opportunity to consider the full record and the factual findings of Saskatchewan admission authorities in assessing respondent’s candidacy for admission in New York. Under these circumstances, we conclude that respondent’s admission should be revoked, without prejudice to his submission of a renewed application for admission based upon the record in this proceeding and any additional information deemed necessary by this Court’s Committee on Character and Fitness (see Matter of Olivarius, 94 AD3d at 1225).
 

 Peters, P.J., Garry, Egan Jr., Rose and Pritzker, JJ., concur. Ordered that the charge of professional misconduct as set forth in the petition of charges is sustained, and respondent is hereby determined to have violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.1; and it is further ordered that respondent’s admission to the bar of the State of New York is hereby revoked pursuant to Judiciary Law § 90 (2) and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law of the State of New York; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended or disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further ordered that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.
 

 [1]
 

 . Respondent was also admitted to practice in Massachusetts in 2008 and remains on active status in that jurisdiction.
 

 [2]
 

 . Respondent also provided negative answers to questions pertaining to academic discipline, and indicated that he had never been charged with “fraudulent conduct or any other act involving moral turpitude.”