17-90093-am
In re DeMaria

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand eighteen.

PRESENT:
JOSÉ A. CABRANES,
ROBERT D. SACK,
RICHARD C. WESLEY,
                *Circuit Judges.*

_____

In re DANIEL DEMARIA,                                    17-90093-am

                    *Attorney.*                         ORDER OF
                                                        GRIEVANCE PANEL

_____

By order filed in October 2017, Daniel DeMaria was directed to show cause why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2, based on the determination of the New

York State Appellate Division, Third Department, that he had violated Rule 8.1(a)(2) of the New York Rules of Professional Conduct by failing to disclose certain information during the bar application process. *In re DeMaria*, 154 A.D.3d 1161, 1163 (3d Dep't 2017).

**I.      The Third Department Decision**

Rule 8.1(a), entitled "Candor in the bar admission process," states the following, in relevant part:

> A lawyer shall be subject to discipline if, in connection with the lawyer's own application for admission to the bar previously filed in this state or in any other jurisdiction, or in connection with the application of another person for admission to the bar, the lawyer knowingly: . . . (2) has failed to disclose a material fact requested in connection with a lawful demand for information from an admissions authority.

Rule 8.1(a)(2), N.Y. Rules of Prof. Conduct (also found at 22 N.Y. Comp. Codes R. & Regs. § 1200.0).

The Third Department's decision revoking DeMaria's admission to the New York bar described his conduct as follows:

> On his December 2009 application for admission, in response to inquiries concerning other bar admissions, [DeMaria] indicated only that he was "in the process of completing Saskatchewan's version of the 'bar examination' (i.e. 'competency evaluations'), which must be completed prior to applying for admission in Saskatchewan." However, at that time, [DeMaria] had already been suspended from the program in question after it had been revealed that he had impermissibly collaborated and shared answers with a fellow student on a pair of the program's online modules. As a result, a mere three months before his application for admission by this Court, [DeMaria] was found by the Law Society of Saskatchewan's Admission and Education Committee to have engaged in a "serious breach of integrity" that warranted the imposition of several monetary and academic sanctions. As a consequence of [DeMaria's] nondisclosure of these material facts (*see* [Rule 8.1(a)(2)]), he was admitted to practice in this state without any consideration of the circumstances existing in Saskatchewan during the time that his application was pending here. Moreover, following a lengthy hearing, [DeMaria] was ultimately denied admission in Saskatchewan. But, again, due to [DeMaria's] nondisclosure in the first instance, this Court and its Committee on Character and Fitness were deprived of the opportunity to consider the full record and the factual findings of Saskatchewan admission authorities in assessing [DeMaria's] candidacy for admission in New York.

*In re DeMaria*, 154 A.D.3d at 1162-63. The Third Department's decision does not quote or provide any details about the bar application questions or requests that DeMaria had failed to properly answer, and the Third Department's record is not before this Court.

**II.     DeMaria's Response to This Court's October 2017 Order**

In his response to this Court's October 2017 order, DeMaria argues that the Court should revoke his admission to the Court's bar rather than suspend or disbar him. In support, he states (a) the Saskatchewan rules he violated were later changed to "permit students to discuss assignments with each other," although he does not suggest that the change was retroactive or otherwise impacts on the Saskatchewan or New York State findings of misconduct; (b) prior to submitting his application for admission to the New York bar, he was advised by a lawyer and a law professor that the Saskatchewan finding of misconduct need not be disclosed on the New York bar application; (c) over five months later, he voluntarily disclosed the Saskatchewan finding to the New York bar authorities; and (d) he has no disciplinary history. Response at ¶¶ 1, 3-5. DeMaria notes that other courts and bars have revoked his admission, accepted his resignation, or suspended him based on the New York revocation of admission.[1] *Id.* at ¶ 10; Letters dated Dec. 15, 2017, Feb. 5, 2018, and Feb. 20, 2018.

DeMaria does not provide a copy of his New York bar application, identify the bar application questions or requests he was held to have improperly answered, or quote those questions or requests

---

[1] DeMaria later inquired "whether the Court would permit [him] to submit [his] resignation in circumstances where [he] expect[ed] that Massachusetts will be seeking reciprocal discipline. Alternatively, [he] inquire[d] as to whether the Court would permit [him] to stipulate to having [his] admission revoked and [his] name struck from the roll of attorneys." Letter dated Dec. 15, 2017. It is not clear whether DeMaria's resignation inquiry was contingent on the action taken by the Massachusetts bar. In any event, for the reasons discussed in the text, we conclude that revocation of DeMaria's admission is the more appropriate disposition.

in a manner that would allow cogent analysis in this proceeding. Various exhibits to DeMaria's response to our October 2017 order suggest that the relevant portions of the application may have been questions 6, 13(a), 13(b), 13(c), and 3(e) or, alternatively, questions 6 and the entirety of question 13. However, without a copy of DeMaria's application, or other admissible evidence of its contents, we cannot evaluate DeMaria's suggestion that his failure to disclose the Saskatchewan decision in his New York bar application was either not misconduct or excusable error.[2]

### III. DeMaria's Application for Admission to This Court's Bar

In his February 2014 application for admission to this Court's bar, DeMaria indicated (by checking the "No" box) that he has not "been a party to criminal or civil proceedings alleging fraud,

---

[2] In a February 2017 sworn statement (exhibit B to the response), the lawyer who advised DeMaria prior to the submission of his New York bar application stated that he had concluded that the Saskatchewan decision did not have to be disclosed; in particular, he opined that it was not encompassed by: (1) question 6 of the application, because "the Law Society of Saskatchewan is not an 'institution of learning,'" Exh. B at ¶ 5 (apparently quoting question 6); (2) any part of question 13, which has the heading "Civil Matters," because the Law Society proceedings were administrative rather than civil, *id.* at ¶¶ 6-10; (3) question 13(a), because DeMaria "never testified, refused to testify, or was granted immunity with respect to" the relevant Saskatchewan hearing, *id.* at ¶¶ 11-12; (4) question 13(b), because he "was never charged with fraudulent conduct or any other act involving moral turpitude," *id.* at ¶¶ 13-15; or (5) question 13(c) (which is not quoted, summarized, or described in any way), because, as the lawyer previously concluded, that question falls under the question 13 heading, "Civil Matters," *id.* at ¶ 16. In a December 2009 email message to DeMaria from a law professor (exhibit C to the response), which preceded the filing of his New York bar application, the professor opined that the Saskatchewan decision did not need to be disclosed on the application because "the Law Society is not an institution of learning and this is not a civil or criminal matter." Exh. C. However, the professor did not quote or identify the relevant application questions or requests. Finally, in a May 2010 letter to the Third Department Admissions Office, sent several months after his admission to the New York bar (exhibit A to the response), DeMaria stated that a colleague had advised him that he may have been required to disclose the Saskatchewan decision in response to application question 13(e), although DeMaria disagreed since that question is limited to "civil or criminal action[s]." Exh. A (apparently quoting question 13(e)). The text of question 13(e) is not otherwise provided. Although various versions of the New York bar application can be found on-line, it is not known whether any of them is identical to the application submitted by DeMaria.

4

misrepresentation, or other dishonesty." Application at Question 4. Exhibits B and C to DeMaria's response to the October 2017 order – in which a distinction is drawn between administrative, criminal, and civil proceedings – suggest that DeMaria may have concluded that the Saskatchewan determination that he had engaged in a "serious breach of integrity" did not need to be disclosed to this Court because the Saskatchewan proceeding was "administrative" rather than "criminal or civil."

We agree that administrative proceedings are often distinguished from criminal and civil proceedings. However, administrative proceedings are sometimes considered a form of civil proceeding.[3] Context is often the deciding factor.

We conclude that a reasonable attorney, at the very least, would have sought advice from this Court before concluding that our bar application's request for information about "criminal or civil proceedings" did not require information about a mere administrative proceeding. First, as noted above, administrative proceedings are sometimes encompassed by the term "civil proceedings." Second, both bar admission and attorney disciplinary decisions are often made by entities that can be characterized as "administrative," since they are not courts. Third, a reasonable attorney would have

---

[3] *See, e.g., Parent v. New York*, 485 F. App'x 500, 503 (2d Cir. 2012) ("Although the *Younger* doctrine was originally formulated in the context of criminal proceedings, it now applies with equal force to civil proceedings, including state administrative proceedings that are judicial in nature." (internal quotation marks omitted)); *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998) ("Under *Younger* abstention, federal courts may not grant declaratory or injunctive relief that would interfere with state criminal or civil proceedings, including state administrative proceedings that are judicial in nature."); *B & B Harris Mgmt., LLC v. Illinois Gaming Bd.*, 4 F. Supp. 3d 920, 924 (N.D. Ill. 2013) ("Such civil proceedings [covered by the *Younger* doctrine] include state administrative proceedings that are judicial in nature."); *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 137 (S.D.N.Y. 2000) (noting that the Supreme Court had "extended the [*Younger*] doctrine to civil proceedings, including state administrative proceedings"); *Monarch Greenback, LLC v. Monticello Ins. Co.*, 118 F. Supp. 2d 1068, 1076 (D. Idaho 1999) (holding that certain administrative proceedings constituted "civil proceedings" within the meaning of that term in an insurance policy); *Lippa's, Inc. v. Lenox, Inc.*, 305 F. Supp. 182, 185 (D. Vt. 1969) (holding that a Federal Trade Commission administrative proceeding was a "civil proceeding" within the meaning of § 5(b) of the Clayton Act).

known that a finding that the attorney had engaged in a "serious breach of integrity" in a prior bar admission proceeding (even if only an "administrative proceeding") would be highly relevant to this Court's bar admission process. Under these circumstances, it would be unusual if this Court's use of the phrase "criminal or civil proceedings" in its bar admission application did not encompass administrative proceedings.

**IV.    Disposition**

Upon due consideration of the above matters, it is hereby ORDERED that DeMaria's admission to this Court's bar is REVOKED. Similar to the Third Department's decision underlying this matter, we hold that a material misrepresentation or omission in the very instrument by which an attorney seeks membership in this Court's bar, without an adequate showing of mistake or mitigating circumstances, renders that instrument defective and requires vacatur of the bar admission obtained through that instrument.[4]    *See In re DeMaria*, 154 A.D.3d at 1161–62 ("[A] material misrepresentation or omission in an applicant's admission application deprives the Court's Committee on Character and Fitness of all the information it might find relevant in assessing the applicant's candidacy, and lack of

---

[4] The present disposition does not constitute reciprocal discipline. This Court's rules only provide for reciprocal discipline when the attorney has been suspended or disbarred by another disciplinary authority. *See* 2d Cir. Local Rule 46.2(c)(2). As reflected by the Third Department's decision, that court does not consider revocation of admission to be equivalent to suspension or disbarment. *In re DeMaria*, 154 A.D.3d 1161, 1162 (3d Dep't 2017) ("Revocation of the admission, as opposed to suspension or disbarment, also effects some measure of leniency to the respondent since it permits him or her to immediately recommence the admission process anew with the benefit of full disclosure."). Nonetheless, in some cases, the revocation of an attorney's bar admission by another disciplinary authority might be appropriately treated as the equivalent of suspension or disbarment for purposes of this Court's reciprocal discipline rule. However, we see no need in the present case to consider that possibility.

candor ultimately effects an admission upon false pretenses that may only be cured by invalidating the admission completely.") (internal citation omitted).

DeMaria must withdraw from any currently pending appeal in this Court, and any future application for admission to this Court's bar must be accompanied by a copy of this order. If DeMaria is continued as counsel in any case in this Court pursuant to this Court's Local Rule 4.1 (prior to readmission to this Court's bar), he must promptly notify the Court of the need for substitution. *See* **2d Cir.** Local Rule 4.1 (requiring attorney who represented a defendant in a district court criminal case to continue that representation on appeal even if the attorney is not admitted to this Court's bar).

The Clerk of Court is directed to serve a copy of this order on DeMaria, the attorney grievance committee for the New York State Appellate Division, Third Department, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[5]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Counsel to this panel is authorized to provide to other attorney disciplinary authorities, upon their request, all documents from the record of this proceeding. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.