Matter of Rosales (2020 NY Slip Op 03393)





Matter of Rosales


2020 NY Slip Op 03393


Decided on June 17, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-05568

[*1]In the Matter of Omar Rosales, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Omar Rosales, respondent. (Attorney Registration No. 5513619)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 24, 2017. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 by serving and filing a notice of petition and a verified petition, both dated May 14, 2019, and the respondent served and filed an answer dated June 20, 2019. Subsequently, the Grievance Committee served and filed a statement of disputed facts dated June 25, 2019, which was not challenged by the respondent. By decision and order on application dated July 31, 2019, the matter was referred to Roger Bennet Adler, as Special Referee, to hear and report. By decision and order on motion dated May 7, 2020, the respondent's motion to dismiss the disciplinary proceeding was denied.



By opinion and order of this Court dated August 21, 2019, in a prior separate disciplinary proceeding commenced under Appellate Division Docket No. 2018-15008, the respondent was suspended from the practice of law for three years, commencing September 20, 2019, based on the disciplinary action taken against him by the United States District Court for the Western District of Texas, San Antonio Division (see Matter of Rosales, 176 AD3d 107).
Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated May 14, 2019, containing two charges of professional misconduct. After a prehearing conference held on September 6, 2019, and a hearing conducted on October 7, 2019, the Special Referee issued a report, sustaining the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. Although served with a copy of the motion, the respondent has neither served a response, nor has he requested additional time in which to do so.
Charge one alleges that the respondent failed to disclose a material fact on his application for admission to the New York Bar, in violation of rule 8.1(a)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0). On May 4, 2006, the respondent was admitted to the practice of law in the State of Texas by the Texas Supreme Court. On February 27, 2017, the respondent submitted his application for admission to the New York Bar to the Committee on Character and Fitness for the Second Judicial Department. Question 33 on the application for [*2]admission to the New York Bar reads: "State whether you have ever been a complainant, party or witness to or otherwise involved in any civil or criminal action, proceeding or investigation not covered by answers to the above questions 28-32." The respondent answered that question as follows: "Yes, I am an ADA Plaintiff in a civil case against an Urgent Care Center in San Antonio. The center does not provide services in accordance with the Americans with Disabilities Act. The case is filed in Federal Court in San Antonio, under 1:16-CV-1070. The case is still in litigation." The respondent failed to disclose in his answer to Question 33 that, at the time, he was the subject of an ongoing investigation into his professional misconduct by the Disciplinary Committee of the United States District Court for the Western District of Texas.
Charge two alleges that the respondent failed to report to this Court and to the Grievance Committee that he had been disciplined in a foreign jurisdiction, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0). Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13(d), an attorney admitted to practice law in New York who has been disciplined in a foreign jurisdiction is required to report that fact, within 30 days, to the appropriate Appellate Division and to the appropriate Grievance Committee. By omnibus order issued by United States District Judge David Alan Ezra of the United States District Court for the Western District of Texas, San Antonio Division, filed July 11, 2017, the respondent was suspended from the practice of law before that court for three years. The respondent failed to report that suspension, as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13(d).
Although notified of the dates of both the prehearing conference and the hearing, the respondent failed to appear on either date. In his report, the Special Referee found that the respondent knowingly waived his right to attend. The Special Referee concluded that the Grievance Committee produced credible proof that the respondent failed to apprise this Court of his suspension on his application for admission to the New York Bar and failed to disclose the ongoing investigation in Texas to the New York Committee on Character and Fitness.
In view of the evidence adduced, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report is granted.
By opinion and order of this Court dated August 21, 2019, in a prior separate disciplinary proceeding commenced under Appellate Division Docket No. 2018-15008, the respondent was suspended from the practice of law for three years, commencing September 20, 2019, based on the disciplinary action taken against him by the United States District Court for the Western District of Texas, San Antonio Division (see Matter of Rosales, 176 AD3d 107). The failure by the respondent to disclose the Texas disciplinary proceedings is at the heart of this proceeding.
The respondent's nondisclosure is not only unchallenged, but the nondisclosure was revealed by the respondent himself in a prior submission to this Court filed in connection with the proceeding commenced under Appellate Division Docket No. 2018-15008. Since the respondent failed to appear at the hearing, he introduced no mitigation and no character evidence. We view the respondent's conscious and deliberate decision not to appear at the hearing to be an aggravating factor, as it demonstrates a disrespect for the disciplinary processes of this Court.
Under the totality of the circumstances, we conclude that the appropriate sanction is revocation (see Matter of Lawrence, 78 AD3d 28). Accordingly, the respondent's admission to the New York Bar is hereby revoked, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the admission of the respondent, Omar Rosales, to the Bar of the State of New York is hereby revoked, pursuant to Judiciary Law § 90(2), and effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.
ENTER:
Aprilanne Agostino
Clerk of the Court